[No. 907.   October 1, 1901.]

## M. W. FLOURNOY et al., Appellants, v. BULLOCK, BAKER & CO. and GEORGE W. CHAMPION, Appellees.

### SYLLABUS.

1. The former decision of this court when this case was last before it, upon substantially the same evidence, is the law of the case, and will not be reviewed.

2. Sections 2947-8-9, Compiled Laws of 1897, regarding interventions, refer solely to actions at law, and not to suits in equity.

3. Where a partnership is thrown into the hands of a receiver in order that its property may be converted into cash and the proceeds divided among its creditors, a simple contract creditor who has no lien on the property, can not intervene in the suit and secure a judgment against the partnership and one of its members, but is relegated to an action at law to secure such judgment, the defendants being entitled to a trial by jury.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, A. J.   Reversed and remanded with directions.

### STATEMENT OF FACTS.

On March 15, 1894, one Alfred W. Rice, a member of the firm of Bullock, Baker & Company, filed a bill in equity, aginst several defendants, alleging that the property of said firm had been attached for debts due by it and by the firm of Bullock and Baker (of which last firm Rice was not a partner) and asked that an injunction issue restraining the defendants from disposing of the property and assets of Bullock, Baker & Company, to pay the debts of Bullock and Baker; that a receiver be appointed to take possession of all the property and effects of Bullock, Baker & Company, and to collect the accounts and bills receivable due said firm, and to pay the debts due by said firm.   That an accounting be had

between Bullock, Baker & Company, and Bullock and Baker, for the purpose of ascertaining the respective rights of said parties in said property, credits and effects; that a master be appointed, and that the creditors of Bullock, Baker & Company, be permitted to appear in the case for the purpose of establishing their claims, before the master, and that the proceeds to be derived from the property, credits and effects of Bullock, Baker & Company, be first applied to pay the debts of said firm. The bill also alleged that both E. D. Bullock and John W. Baker, his partner, were hopelessly insolvent, and unable to respond towards repaying Rice anything that he might be compelled to pay on account of the indebtedness of said Bullock, Baker & Company.

On November 15, 1894, George W. Champion, an employee, filed a petition of intervention in the case, alleging that he was a creditor of the firm of Bullock, Baker & Company, for the sum of $2,823.72 and interest, and that the indebtedness accrued on account of personal labor and services. The intervenor further prayed the court for a judgment against the firm of Bullock, Baker & Company, and against Alfred W. Rice, for the sum set out in his petition ($2,823.72), and he further asked that the allegations of the bill and the proofs already taken by the master, under an order of reference theretofore made, might be received and considered by the court in support of the allegations of the petition and of his right to said judgment. On November 30, 1895, there was made an order by consent, that the receiver sell all the assets of Bullock, Baker & Company, to one W. B. Giles, for the sum of $11,214.80, and that after paying small designated sums to the receiver and master, the balance be paid to the receivers of The Albuquerque National Bank and the New Mexico Savings Bank and Trust Company. On December 2, 1895, there was filed a demurrer to the intervening petition of Champion, which was afterwards overruled.

On January 8, 1896, there was filed a bond to pay

any judgment recovered by Champion, in his intervention, which bond was as follows, to-wit:

"In the district court, county of Bernalillo, October term, 1895.

"Alfred W. Rice v. John W. Schofield, receiver, etc., et al.

"Know all men by these presents: That we, the undersigned Alfred W. Rice, by W. S. Stambaugh, his attorney and agent, and Andres Romero, Wallace Hesselden and M. W. Flournoy, as his sureties, are held and bound unto George W. Champion in the sum of $3,500 for the payment of which we bind ourselves, our heirs, executors, administrators and assigns by these presents:

"Sealed with our seals and dated this thirtieth day of November, 1895.

"The condition of the above obligation is such, that whereas, the said George W. Champion has filed his intervening petition in the above entitled cause as a creditor of the firm of Bullock, Baker & Company, and praying judgment against said firm and against the said Alfred W. Rice; and whereas, the said Champion has consented to the sale of all of the assets of said firm remaining in the hands of the receiver heretofore appointed herein, and to the distribution of the proceeds of such sale among other persons claiming to be creditors of said firm, now therefore, if the said Rice shall pay or cause to be paid to the said Champion, his heirs, executors, administrators and assigns the full amount which may be by any judgment or decree of said court adjudged in favor of said Champion and against the said firm of Bullock, Baker & Company, or against the said Rice, then this obligation to be void, otherwise to remain in full force; and it is hereby stipulated and agreed that the above bound sureties of the said Rice are to be taken and considered as in court in said cause the same as if they had been originally made parties thereto so as to be subject to any orders or decrees which may be made by said court in said cause, and are to be considered for

the purpose of satisfying any just claim of the said Champion against the said firm or against the said Rice as having in their possession assets of said firm and of said Rice to the amount of $3,500.

"A. W. RICE by STAMBAUGH,    (Seal)
ANDRES ROMERO,             (Seal)
WALLACE HESSELDEN,          (Seal)
M. W. FLOURNOY.            (Seal)"

Judgment having been given in favor of Champion, execution issued, and on June 23, 1896, the sureties on the bond appeared specially by their attorney, and moved the court to recall the execution and set aside the judgment and decree so far as it affected them, and for grounds of said motion alleged:

"1.    That the said moving parties are not and never were parties to said cause.

"2.    That the judgment in said cause is rendered against Bullock, Baker & Company and Afred W. Rice only, while the execution is ordered to issue against the moving parties herein against whom there is no judgment.

"3.    That the said judgment and decree so far as it affects the moving parties herein is not supported by any pleadings.

"4.    That the said court has no jurisdiction over the subject-matter of any suit against said moving parties."

On hearing, this motion was overruled; a severance was granted to defendant Rice, and the sureties on the bond appealed to the Supreme Court and gave bond for a supersedeas.

This appeal was heard in 1898, the case then being entitled "Rice v. Schofield," and is reported in 9 N. M. 314, and the cause was reversed and remanded.

On February 9, 1898, there was filed and entered of record in this cause in the district court of Bernalillo county a judgment upon the mandate of the Supreme Court in this cause on appeal, and the former judgment

entered in the district court was set aside, and the cause was again referred to the standing master and referee, for the taking of proofs as to the claim of the intervenor, Champion, against the firm of Bullock, Baker & Company, and A. W. Rice. Due notice was given of these hearings, and at the hearing had on May 28, 1898, William B. Childers, Esq., appeared for the defendants. On September 12, 1900, the report of the master was filed in court, and by this report he found that there was due Champion $1,536.24, and recommended that judgment be entered for said sum and costs against Bullock, Baker & Company, Alfred W. Rice, and the sureties on the bond (a copy of which is set out above). Exceptions to this report were filed by both parties, and on November 15, 1900, the judge overruled them, and approved the report of the master, and gave judgment against the firm of Bullock, Baker & Company, Alfred W. Rice, and the sureties on the bond, Andres Romero, Wallace Hesselden and M. W. Flournoy, for the sum of $1,536.24, with interest thereon at the rate of six per cent per annum from August 31, 1900, and costs; and ordered that execution issue therefor. From this judgment Rice appealed, and the sureties on the bond appeared especially, and moved that they might be permitted to unite in the appeal prayed for by Rice, without submitting to the jurisdiction of the court generally. The appeal and motion was granted, and the case is now before us for decision.

W. B. CHILDERS for appellants.

The court erred in rendering any decree against the complainant Rice. The court had no jurisdiction, sitting as a court of equity, to render any decree at all.

2 Freeman on Judgments, sec. 547.

1 Black on Judgment, sec. 53.

Lewis v. Cocks, 23 Wall. 470.

Hipp et al. v. Babin et al., 19 How. 278.

See also Morris v. Gilmer, 129 U. S. 324.
    Shreeveport v. Cole, Id. 37.
Jurisdiction cannot be conferred by consent.
    U. S. v. Walker, 109 U. S. 266.
    Windsor v. McVeigh, 93 U. S. 274, 282, 283.
    Block v. Henderson, 8 S. E. 877, 82 Ga. 23.
    Rogers v. Cody, 38 Pac. (Cal.) 82.
See also Noble v. Railroad Co., 147 U. S. 173.
    U. S. v. Walker, 109 U. S. 285.
    Thompson v. Tolmie, 2 Peters 163.
    Rose v. Hunely, 4 Cranch 269.
    Griffith v. Frazier, 8 Cranch 9.

The appellee was a simple contract creditor. He had no lien. He set up no trust, and he has no standing in a court of equity.

    Putney v. Whitmore, 66 Fed. 388.
    Scott v. Neely, 140 U. S. 160, 11 Sup. Ct. 712.
    Alder v. Fenton, 24 How. 407.
    Smith v. Railroad Co., 99 U. S. 398.
    Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977.
    Hollins v. Iron Co., 150 U. S. 379, 14 Sup. Ct. 127.
    Atlanta, etc., Railroad Co. v. Western, etc., Ry. Co., 1 C. C. A. 676, 50 Fed. 790, 2 U. S. App. 227.

See also Oelrichs v. Spain, 15 Wall. 228, there was an element of trust.

    Tally v. Curtain, 4 C. C. A. 177, 54 Fed. 43.
    Hollis v. Iron Co., supra.
    Mayor v. Cooper, 6 Wall. 247, this case cites among others.
    National Tube Works v. Ballou, 146 U. S. 517.
    Scott v. Nelly, 140 U. S. 106.
    Cates v. Allen, supra.
    Hollins v. Brierfield Coal Co., 150 U. S. 379.
    Atlantic, etc., Ry. Co. v. Western Ry. Co., 5 Fed. 790.

Talbott v. Randall, 3 New Mex. 226.

(For discussion of Case v. Beauregard, 101 U. S. 691-2, see brief of appellants' counsel on file.—Reporter.)

A court of equity can not take jurisdiction of a simple contract debt, recoverable in an action at law, and administer the debtor's estate. Legal and equitable claims can not be blended together in one suit, in the circuit courts of the United States.

Scott v. Armstrong, 146 U. S. 499-512, citing.

Bennett v. Butterworth, 11 How. 669.

Thompson v. Railroad Co., 6 Wall. 134.

Scott v. Neely, 140 U. S. 106.

Montejo v. Owen, 14 Blatch. 324.

Mfg. Co. v. National Tube Works, 15 Blach. 432.

See also N. P. R. R. Co. v. Paine, 119 U. S. 561.

We believe this court was wrong in holding that under the involuntary assignment law (Compiled Laws of 1897, sec. 2818 et seq.), a court of equity could take jurisdiction of a simple contract debt, recoverable in an action at law, and administer the debtor's estate.

Early Times Distillery Co. et al. v. Charles Zeiger, 9 N. M. 31.

Plimpton v. Town of Somerset, 33 Vt. 288.

Risser v. Hoyt, 18 N. W. 617, 53 Mich. 185.

The nature of the controversy between the parties, and its fitness to be tried by a jury, according to the rules of the common law, and not the nature of the tribunal nor the summary mode of proceeding therein, should decide the question.

Underwood v. People, 32 Mich. 1.

Swart v. Kimball, 43 Mich. 443, 5 N. M. 365.

People v. Smith, 9 Mich. 193.

Tabor v. Cook, 15 Mich. 322.

Paul v. Detroit, 32 Mich. 109.

Woodbridge v. Detroit, 8 Mich. 276.

People v. Brighton, 20 Mich. 57.

Chicago, etc. v. Clark, Id. 519.

G. R., etc., R. Co. v. Van Dreile, 24 Mich. 409.

Horton v. Grand Haven, Id. 465.

McClary v. Hartwell, 25 Mich. 139.

Arnold v. Decatur, 29 Mich. 77.

Powers Appeal, Id. 504.

Ryerson v. Brown, 35 Mich. 33.

Risser v. Hoyt, 18 N. W. 619, 53 Mich. 185.

Ex Parte French, 91 U. S. 423.

Roberts v. Cooper, 20 How. 467.

Sibbard v. U. S., 12 Pet. 488.

There was no power in the court to refer this case to a referee without the express consent of appellant.

Compiled Laws of 1897, sec. 2685, sub-secs. 138-9.

Where the practice of referring a case to a master has been abolished by statute or by rule of court, a reference to a master is improper, and the proceedings before a master are *coram non judice.*

17 Ency. of Pl. & Prac., 983.

The legislature did abolish the office of master, and provided under what circumstances a reference could be made. The court can not continue the old practice, which was abolished, by merely using the word referee instead of master.

Palethrop v. Palethrop, 39 Atl. 489-490, 184 Pa. St. 585.

What cases may be referred.

Camp v. Ingersol, 86 N. Y. 433.

Van Ranssalaer v. Jewett, 6 Hill 373, 41 Am. Dec. 750.

Silmser v. Redfield, 10 Wend. 21.

Dedrichly v. Richley, 10 Wend. 108.

Kain v. Delano, 2 Abb. Prac. (U. S.) 29.

See also Johnson v. Atlantic Ave. Ry. Co., 34 N. E. 924, 139 N. Y. 449.

Untermeyer v. Bernhauer, 105 N. Y. 521, 2 N. E. 847.

17 Ency. of Pl. & Pr., 994-5-6.

Edwardson v. Garnhart, 56 Mo. 81.

Creve Coeur Lake, etc., Co. v. Tamm, 138 Mo. 385.

Steek v. The Colorado Fuel and Iron Co., 142 N. W. 236, 7 N. E. 1.

Wilson v. Featherstone, 120 N. Car. 446.

Was this a long account?

1 Ency. Pl. & Pr., 93.

Towle v. Lawrason's Executor, 5 Peters 495-503.

1 Mad. Cha., 86.

6 Ves. 136.

9 Ves. 437.

The judgment against appellants Flournoy, Hesselden and Romero, can not be sustained under the decision rendered by this court at the former hearing. It disregards the opinion rendered, and directions given in the mandate.

Crary v. Field, 61 Pac. 118.

Albright v. T. S. F. & N. R. R., 8 N. Mex. 422.

F. W. CLANCY for appellees.

The jurisdiction of equity over all matters of partnership, concurrent with courts of law, and its practically exclusive jurisdiction in all cases of any complexity or difficulty, is well settled.

Snell's Principles of Equity, 427.

Story's Equity Jurisprudence, sec. 659 and 675.

Rights of creditors after dissolution.

Story on Partnership, sec. 357.

Quasi-lien of firm creditors on firm property.

Story on Partnership, sec. 360.

Lien arises only on dissolution by death or bankruptcy.

Story on Partnership, sec. 361.

The best and clearest statement of the respective rights of partners and partnership creditors, is to be

found in the great work of Prof. Parsons, on the law of partnerships.

Parsons on Partnerships, 344 to 347 and note.

Tillinghast v. Champlin, 4 R. I. 173.

Brutus v. Tisdale, 4 Barb. 571, 588.

See also in this connection—

Tillinghast v. Champlin, 4 R. L. 189-90.

Harmon v. Clark, 13 Gray 121.

The claim of the plaintiffs is based upon the doctrine, that the creditors of a copartnership have a lien, or such an equitable claim upon its assets that upon its insolvency, they can make them applicable to the payment of their joint debts, in preference to any claims which the separate and individual creditors of the respective copartners can make to them.

Brewster v. Hammett, 4 Conn. 540.

Witter v. Richard, 10 Conn. 37.

Filley v. Phelps, 18 Conn. 296.

Brutus v. Tisdale, 4 Barb. (Sup. Ct.) 588.

Allen v. Center Valley Co., 21 Conn. 134-5.

The language of the books is, that the rights and equities of the joint creditors are to be worked out only through the lien or equities of the partners.

Same authorities above cited.

Allen v. Center Valley Co., 21 Conn. 138-9.

Joint creditors in case of insolvency are deemed in equity to have a right of priority of payment before the private creditors of any separate partner.

2 Story's Equity Jurisprudence, p. 510, sec. 1253.

Upon the commencement of proceedings of this nature, the property is considered as *in custodia legis,* to be administered according to the equities of the parties subsisting at the time.

Robinson v. Allen, 85 Va. 729-30.

Fitzpatrick v. Flanningan, 106 U. S. 653, 656.

Black v. Bush, 7 B. Mon. 211.

In a Mississippi case where the complainants, so far

as opinion indicates, appear to have been simple contract creditors, the court states the same general doctrine.

Hanover Nat. Bank v. Klein, 64 Miss. 149-50.
As supporting the same doctrine see—

Switzer v. Smith, 35 Iowa 270-1.
Jones v. Newson, 13 Fed. Cases 996.
Filley v. Phelps, 18 Conn. 300-5.
Murrill v. Neill, 8 How. 425-6.
Winslow v. Wallace, 116 Ind. 318-327-8.
In re Clap, 5 Fed. Cas. 815.
Ketchum v. Durkee, 1 Barb. Ch. 483-4.
Treadwell v. Brown, 41 N. H. 14.
Whitewright v. Stimson, 2 Barb. 380.

It is not necessary that a creditor should obtain a judgment at law before filing a bill in equity.

Arnold v. Hagerman, 45 N. J. Eq. 203-4.
Case v. Beauregard, 101 U. S. 690.
Turner v. Adams, 46 Mo. 95.
Olson v. Morrison, 29 Mich. 397.

It has been decided that where it appears by the bill that the debtor is insolvent and that the issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite to equitable interference.

Turner v. Adams, 46 Mo. 95.
Postlewait and Cregan & Keller v. Howes, 3 Iowa 365.
Ticonie Bank v. Harvey, 16 Iowa 141.
Botsford v. Beers, 11 Conn. 369.
Payne v. Sheldon, 63 Barb. (N. Y.) 169.

This is certainly true where the creditor has a lien or trust in his favor. See, as bearing upon the same general doctrine.

Thummond et al. v. Reese, 3 Ga. 449.
Cornell v. Radway, 22 Wis. 260.
Sanderson v. Stockdale, 11 Md. 563.

Brisay v. Hogan, 52 Me. 554.

Day v. Washburn, 24 How. 352.

Whenever a creditor has a trust in his favor, or a lien upon the property for the debt due him, he may go into equity without exhausting legal process or remedies.

Tappan v. Evans, 11 N. H. 311.

Holt v. Baucroft, 30 Ala. 193.

Case v. Beauregard, supra.

A creditor at large of a partnership has the right, without having first reduced his claim to a judgment in a court of law, to have his claim adjudicated in a suit brought by one of the partners, for a dissolution of the partnership, and for an accounting and settlement of the partnership affairs.

Washburn v. Goodman, 17 Pick. 527-30.

Innes v. Lansing, 7 Paige's Ch. 583.

Waring v. Robinson, Hoffman's Chan. 524.

Updyke v. Doyle, 7 R. I. 458.

Williamson v. Wilson, 1 Bland 430.

Holloway v. Turner, 61 Md. 220.

The State constitutions make the authorities herein before cited closely applicable. In each instance the constitution provides in substance that, "the right of trial by jury shall be inviolate."

These constitutional provisions are in substance, the same as the seventh amendment to the constitution of the United States, which is invoked by the appellants.

Lumber Co. v. Keefe, 41 N. W. 744.

Barton v. Barbour, 104 U. S. 133.

Ward v. Farwell, 97 Ill. 593.

Gormley v. Clark, 134 U. S. 347.

Shields v. Thomas, 18 How. 261-2.

Burt v. Hurrah, 65 Iowa 645-6.

Land Co. v. Walker, 50 Iowa 376.

Taylor v. Ins. Co., 9 How. 405.

Kennedy v. R. R. Co., 3 Fed. 100-1-2.

See also Arnold v. Hagerman, 45 N. J. Eq. 203-4.

On right to waive trial by jury, see—

19 Ency. Pl. and Pr. 254 et seq.

The question of the absence of assets, does not appear by the record to have been raised in the court below. It ought not therefore to be considered here.

> Compiled Laws of 1897, sec. 3139.
>
> Coleman v. Bell, 4 N. M. 27.

The court had power to refer the case to the master without consent of the parties.

> Sub-sec. 110 of sec. 2685, Complied Laws N. M. 1897.
>
> Garcia & Perea v. Berela, 5 N. M. 468.
>
> Compiled Laws N. M., sec. 878.
>
> Sub-sec. 179 of sec. 2685, C. L. N. M. 1897.

The judgment against Rice's sureties was proper. The record shows that they appeared in the case without limitation when they took their former appeal; and they appeared generally in the court, and participated in all the proceedings here.

> Allen v. Brown, 4 Metc. (Ky.) 343.
>
> Gill v. Johnson, 1 Metc. (Ky.) 652.
>
> Stanley v. Arnow, 13 Fla. 368.
>
> Brown v. Humphreys, 1 J. J. Marsh 394.
>
> Salter v. Dunn, 1 Bush 317.
>
> Wharton v. Clay, 4 Bibb 168.
>
> Hockaday v. Comm, 4 T. B. Mon. 13-4.
>
> Maude v. Rodes, 4 Dana 147.
>
> Graves v. Hughes, 4 Bebb. 85.
>
> Bradford v. Gillespie, 8 Dana 68.
>
> Bentley v. Gregory, 7 T. B. Mon. 369.
>
> Reeder v. Murray, 3 Ark. 450.
>
> Bustments v. Bescher, 43 Miss. 175-6.

The first error assigned is, that judgment was entered by the Supreme Court against the sureties of the appeal bond, as well as against the appellants below. This depends upon the question whether the statute of the Territory authorizing such a judgment is a valid one or not.

> Beall v. New Mexico, 16 Wall. 539-40.

Sureties on appeal and writ of error bonds are commonly made liable by statute to such judgment in the appellate court, as may be rendered against their principles.

Moore v. Huntington, 17 Wall. 422-3.
Whitehurst v. ————, 53 Ill. 250-1-2.
Bank v. Gordon, 53 Fed. 470-2-3.
Gordon v. Bank, 56 Fed. 792-3-4.
Blossom v. R. R. Co., 1 Wall. 655-6.

OPINION OF THE COURT.

MILLS, C. J.—This case comes before us in almost the same form as it did before. About the only difference being that the judgment formerly appealed from was for the sum of $2,627.94, while on the rehearing the amount was reduced, the master crediting the defendants with the value of a certain lot conveyed to Champion, so that the amount of the judgment now appealed from is $1,536.24.

According to well-settled principles of law and the decision of this court, in the case of Crary v. Field, 61 Pac. 118, the former decision of this court, when this case was here before on appeal (Rice v. Schofield, 9 N. M. 314), so far as it states the law, is the law of this case, and will not be reviewed by the court on this hearing.

In the case of Rice v. Schofield, supra, when this case was reversed and remanded, the court said: "It appears that pending the hearing, a paper purporting to be a bond to answer any judgment Champion might recover was "filed" in the cause, and after the master's report was confirmed, the court rendered judgment against the persons purporting to be sureties on the bond. The bond does not appear to have been acknowledged before the court or judge. It is manifest that these persons never were in any sense before the court. They were not parties to the cause, and were not given

any notice of the proceedings against them. If the signatures were forgeries, or if the paper had never been delivered, these persons were given no opportunity to avail themselves of such defense. 'It is an acknowledged general principle that judgments and decrees are binding only upon parties and privies. The reason of the rule is founded in the immutable principle of natural justice that no man's right should be prejudiced by the judgment or decree of a court, without an opportunity of defending the right.' Hollingsworth v. Barbour, 4 Pet. 466. To argue that by the terms of the bond, they consented to become parties, to submit to the jurisdiction of the court and to the rendition of the judgment by it, is to assume they have consented. As to whether they have consented is the very point which the court had no power to determine in their absence."

On this trial this same paper purporting to be a bond is still in the record, but the transcript nowhere shows that either the original or a copy of it was ever offered or introduced in evidence, or that any attempt was ever made to make the persons whose names are signed to it as sureties parties to this suit, nor to prove that they or either of them signed, executed and delivered it; consequently the decision in Rice v. Schofield, 9 N. M. 314, being the law of the case and binding on us, and as some of the reasons given for the reversal of that case appear in this, if for no other reason we would have to reverse this cause, and remand it to the district court of the second judicial district, sitting within and for the county of Bernalillo.

We might end this opinion at this point, but it appears to us that it will be better for us to go further into the case, and examine it with the view of ascertaining whether or not there are any exceptions reserved which are vital to the issues, the determination of which will end this litigation, in its present form at least.

The main point in this case and the one which will in all probability have to be finally met and passed upon

is, could Champion, a simple contract creditor, intervene in the litigation (it being a suit in equity, brought by one of the partners to put the property belonging to a partnership into the hands of a receiver, convert them into cash and divide the proceeds among the several creditors of the firm), and recover a judgment on his claim against the partnership and one of the partners, on such intervention, or should he have brought a separate action at law to recover judgment, he being a simple contract creditor.

In this Territory we have statutes concerning interventions. In the Compiled Laws of 1884, sections referring to intervenors were numbered 1890, 1891, 1892, while in the revision of 1897, such sections, which are not changed in any particular, are numbered 2947-8-9.

These statutes refer solely to actions at law and not to suits in equity. This has been expressly decided by our Supreme Court in the case of Union Trust Co. v. A. T. & S. F. R. Co., 8 N. M. 327, 43 Pac. 704. In that case the court says: "It is insisted by the appellee that the Postal Company can intervene only under sections 1890-1892, Compiled Laws of 1884, and that the facts stated do not show that the Postal Company has sufficient interest in the cause pending to permit it to intervene. This contention can not be maintained, because this is an equitable proceeding, and the sections of the statute referred to relate only to actions at law."

Such being the law in this Territory we will therefore in this case be guided by the rules of equity regulating interventions in chancery cases. In equity the right of intervention in proper cases has always been recognized. 17 Am. and Eng. Ency. of Law (1 Ed.), p. 633.

In the case at bar the intervention was evidently brought under the statute which this court held only applied to common law cases. In equity cases, petitions of intervention should contain all of the material facts relied upon and should show a right to the particular

relief asked by the petitioner, and must show a case of substantial equity. Empire Distilling Co. v. McNulta, 77 Fed. Rep. 703; French v. Gapen, 105 U. S. 519. It is not claimed that the intervention we are now considering complies with this rule.

The organic act passed by Congress, when this. Territory was organized, and which is our constitution, provides, that the constitution and all laws of the United States which are not locally inapplicable, shall have the same force and effect, within the Territory of New Mexico, as elsewhere within the United States, and article 7, of the amendments to the Constitution of the United States provides that, "In suits at common law . . . the right of trial by jury shall be preserved."

If, therefore, the intervenor in this case had brought a separate suit to reduce his claim to judgment, it necessarily would have been in the nature of a common law proceeding in assumpsit, and the parties defendant would have been entitled to a jury to try the issues raised. We do not think that this right to a trial by jury can be avoided, by filing an intervention in a suit in equity, when the intervention does not contain a single allegation which would have entitled the intervenor to have brought a suit in chancery in the first instance.

The intervenor in this case does not seek to assert any right against the property sequestered and in the hands of the court, nor does the intervention set out that Champion has any lien on such property. All it prays for is a judgment against the firm of Bullock, Baker & Company, and against Alfred W. Rice, one of the members of the firm.

To authorize an intervention the intervenor must have an interest in the object of the suit. "The fact that he has an interest in the thing which is the subject of controversy will not be sufficient." 11 Ency. P. & P., 496, and cases cited.

In the case at bar Champion is simply a contract creditor of the firm, the same as many others. He has no lien on its assets until he has reduced his claim to judgment. It is true that he has a priority over creditors of the individual partners, but this does not constitute a lien. When a judgment is obtained the lien is worked out through the equities of the partners, to have firm assets first applied to the satisfaction of firm debts. Nowhere, so far as we have been able to ascertain, has it been held that a simple contract creditor of a copartnership could file an original bill in equity to get a personal judgment against the partners, any more than a simple contract creditor of an individual could file a bill in equity to get a judgment against him.

A crossbill will not be sustained (and an intervention is somewhat analogous to a crossbill), when it merely alleges matter which authorizes a recovery at law. Santz v. Gordon, 28 Fed. Rep. 264, and cases cited in Century Digest, column 856, sec. 464. Still more objectionable is the presumption to permit a stranger to the suit, to come in as an intervenor to assert a purely legal demand. It would be very different if Champion had first-obtained a judgment at law and had then filed his petition alleging that recovery on execution could not be had on account of the property being in the hands of the court, through its receiver, and asking leave to assert his right to the property in the hands of the court. This principle is recognized by the Supreme Court of the United States, Adler v. Fenton, 24 How. 407; Scott v. Neely, 140 U. S. 106; National Tube Works v. Ballou, 116 U. S. 517; Hollins v. Brierfield Coal Co., 150 U. S. 371; Cates v. Allen, 149 U. S. 451.

The court in the case of Case v. Beauregard, 101 U. S. 688, which is relied on by the learned counsel for the intervenor, to sustain the intervention says: "When the the debtor's estate is a mere equitable one, which can not be reached by any proceeding at law, there is no reason for requiring attempts to reach it by legal pro-

cess. . . ." "It may be that whenever a creditor has a trust in his favor, or a lien upon the property for the debt due him, he may go into equity without exhausting legal process or remedies."

In the present case the debtor's estate, that is, the partnership property, is not an equitable one which can not be reached by proceedings at law, nor had Champion any trust or lien in his favor, any more than any other simple contract creditor of the insolvent firm, nor in this intervention does he seek to reach the debtor's estate which is in the hands of the court. Only the partnership property is in the custody of the court through its receiver, and not the persons of the partners, and yet the intervention seeks to get individual judgments against persons, *i. e.* the firm and one of its partners, and does not even ask for the distribution of the firm assets among the creditors.

The court says in the case of Hollins v. Brierfield Coal Co., supra, "It is the settled law of this court that such creditors (simple contract creditors ) can not come into a court of equity to obtain the seizure of the property of their debtor, and its application to the satisfaction of their claims, and this notwithstanding a statute of the State may authorize such a proceeding in the courts of the State. The line of demarcation between equitable and legal remedies in the Federal courts can not be obliterated by state legislation;" and again, "Nor is the rule changed by the fact that the suit is brought in a court in which at the time is pending another suit for the foreclosure of a mortgage or trust deed upon the property of the debtor. Doubtless in such foreclosure suit the simple contract creditor can intervene, and if he has any equites in respect to the property, whether prior or subsequent to those of the plaintiff, can secure their determination and protection." This case then decides that a simple contract creditor must have equities in his favor before he can come into a court of equity as an intervenor or othrwise. It is not sufficient that the

assets attempted to be reached are *in custodia legis,* as appellee contends on the strength of Case v. Beauregard, supra. We therefore think that the intervenor has shown no grounds of equity jurisdiction for his intervention, and that the court below erred in not sustaining the first exception of the appellate Rice, to the master's report, which was as follows:

"Because there was no jurisdiction in the court to entertain this intervening petition of Champion, the matters therein alleged and the matters proven before the master being simply items of an account recoverable in an ordinary action of assumpsit at common law, and having nothing in their nature to give a court of equity jurisdiction, and the complainant, A. W. Rice, a party against whom they are sought to be established, being entitled to a trial by jury thereon."

In view of the foregoing, this case is therefore reversed and remanded to the district court of Bernalillo county, with instructions to the said court to sustain the first exception of appellant Rice, to the report of the referee, and dismiss the intervention. And it is so ordered.

McFie, Parker and McMillan, JJ., concur. Crumpacker, A. J., having tried this case below, did not participate in this decision.