No. 58,590

LARRY EDMISTON, *Appellant*, v. FIRST NATIONAL BANK OF HOLCOMB, KANSAS, *Appellant*, and T. JOHN HAYDEN; FIRST NATIONAL BANK OF PERRYTON, TEXAS; LOBO ORDER BUYERS, INC.; and THE SYRACUSE SALE COMPANY, INC., *Appellees*.

(744 P.2d 829)

Opinion filed October 30, 1987.

*E. Edward Brown*, of Calihan, Brown, Osborn, Burgardt and Wurst, of Garden City, argued the cause and was on the brief for appellant Edmiston.

*Stephen L. Thompson*, of Smith, Greenleaf and Brooks, of Liberal, argued the cause, and *Harold K. Greenleaf*, of the same firm, was on the briefs for appellant First National Bank of Holcomb.

*Jack Dalton*, of Mangan, Dalton, Trenkle, Rebein and Doll Chartered, of Dodge City, argued the cause, and *Michael A. Doll*, of the same firm, and *John Huffaker*, of Gibson, Ochsner and Adkins, of Amarillo, Texas, were with him on the briefs for appellee First National Bank of Perryton.

The opinion of the court was delivered by

LOCKETT, J.: Appellant, Larry Edmiston, filed an action to quiet his title and to determine the priority of various parties claiming a security interest in a herd of cattle he had purchased. The district court ordered the sale of the cattle pursuant to an existing contract and the payment of the sale proceeds into court. Because the purchaser under the contract refused to buy the cattle,

Edmiston sold the cattle at a public auction, paid off several of his obligations and finally paid the remainder of the proceeds of the sale into court. The district court found Edmiston and one of the defendants, the First National Bank of Holcomb, in contempt and ordered them to pay the total proceeds from the sale into court. In an unpublished opinion, citing *Ensch v. Ensch,* 157 Kan. 107, 115-16, 138 P.2d 491 (1943), as authority, the Court of Appeals determined that the district court's order allowing the sale under the contract and the requirement that the proceeds be paid into court did not specifically prohibit the sale of the cattle to other parties nor require those funds be paid into court, and reversed the contempt judgment. We granted the appellants' petition for review. On review, we find that the Court of Appeals misapplied *Ensch.* Therefore, we reverse the Court of Appeals, affirm the district court, and remand the case for further action.

In November 1984, Edmiston purchased a 75% interest in 382 head of cattle from T. John Hayden. First National Bank of Holcomb (Holcomb Bank) financed the purchase and took a security interest in the cattle. Edmiston entered into a contract to sell the cattle to Lobo Order Buyers. In February 1985, Edmiston and Holcomb Bank were apprised of a potential prior security interest by First National Bank of Perryton, Texas (Perryton Bank), who had loaned money to Hayden. In an effort to determine the priority of the security interest of the creditors, on April 9 Edmiston filed a "Petition for Interpleader and Quiet Title to Personal Property." Both banks were served with notice the following day.

On April 30, 1985, the district court entered an order authorizing sale of the cattle to Lobo with payment of all the proceeds into court. Lobo refused to purchase the cattle. A few weeks later, without authority of the court, Edmiston sold the cattle at a public auction. Instead of paying the proceeds of the sale into court as ordered, $136,220 was deposited in Edmiston's account at Holcomb Bank. The bulk of this money was paid to Holcomb Bank in satisfaction of its cattle loan, an unrelated loan which Edmiston had with Holcomb Bank, and various other creditors of Edmiston. He paid the remaining $29,203.68 into the district court.

Shortly thereafter, Perryton Bank filed a motion requesting

that both Edmiston and Holcomb Bank appear and show cause as to why they should not be held in contempt of the district court's order requiring all proceeds to be paid into court. K.S.A. 20-1204a. After the show cause hearing, the district court found both Edmiston and Holcomb Bank in contempt of the order, and directed both parties to pay $136,220 into court. The court also imposed a fine of $100 per day until the full amount was paid and ordered both parties to pay Perryton Bank's attorney fees.

Edmiston and Holcomb Bank appealed. In an unpublished opinion filed May 14, 1987, the Court of Appeals reversed the district court's order holding the parties in contempt of the April 30, 1985, order. The Court of Appeals concluded that, because the contempt order did not specifically prohibit the conduct of the appellants, they had not violated the district court's order, citing *Ensch v. Ensch*, 157 Kan. 107.

The Court of Appeals' opinion states some well-established principles governing contempt actions: Contempt of court may either be direct or indirect, criminal or civil. Direct contempt is committed during the sitting of the court or of a judge in chambers, in its or his presence, while all other contempts are indirect. K.S.A. 20-1202. Civil contempt is the failure to do something ordered by the court for the benefit or advantage of another party to the proceeding. *State, ex. rel., v. Bissing*, 210 Kan. 389, 395, 502 P.2d 630 (1972). By the very nature of a contempt proceeding, the decision of guilt or innocence of an accused rests in the sound discretion of the trial court before whom the matter is pending. When a trial court has exercised that discretion and its discretion has been challenged by appeal, the sole duty of the appellate court is to determine whether the record reveals such an abuse of discretion as to warrant a reversal of its action. *Fleming v. Etherington*, 227 Kan. 795, Syl. ¶ 6, 610 P.2d 592 (1980).

We agree with the Court of Appeals' statement of the law. When the lawful command of the court is defied, it is the duty of a judge to take affirmative action. In exercising the power of contempt, the court upholds the power and integrity of the proceedings. The procedure to be followed in bringing the accused before the court on a contempt accusation is provided by K.S.A. 20-1204a. Contempt proceedings must follow the pre-

scribed procedure and are to be strictly construed against the movant. *In re Seelke*, 235 Kan. 468, 470, 680 P.2d 288 (1984).

After stating the principles, the Court of Appeals found that the district judge abused his discretion by holding Edmiston and Holcomb Bank in contempt.

The pertinent parts of the district court's order state:

"2. That Plaintiff, Larry Edmiston, is authorized to sell and Defendant Lobo Order Buyers, Inc. is authorized to purchase from Plaintiff those certain mixed steers now in Plaintiff's possession and which are the subject matter of this litigation, at the times, for the price and under the terms otherwise set forth in that certain written livestock contract dated February 4, 1985, executed by Plaintiff and Defendant, Lobo Order Buyers, Inc., respectively.

"3. That the purchase of said cattle by Defendant Lobo Order Buyers, Inc., if such is consummated, shall be by a check payable jointly to Plaintiff, Larry Edmiston, and the Clerk of the Finney County District Court, which said check upon receipt by Plaintiff shall be immediately endorsed by him and delivered unto the Clerk of the Court; that thereafter the Clerk shall deposit such sale proceeds in an interest bearing account of the Clerk's selection there to remain until further order of this Court.

"4. That any and all claims of ownership, security interests, liens for agistment or care and feeding, or other interest that any of the parties hereto may now or hereafter acquire in and to said cattle, except the ownership interest acquired by Lobo Order Buyers, Inc. shall be transferred to the proceeds derived from the sale of said cattle, and without prejudice to any such parties' claim of ownership or lien notwithstanding such parties' loss of possession of such cattle through the' sale herein ordered.

. . . .

"IT IS, THEREFORE, BY THE COURT ORDERED, ADJUDGED AND DECREED that each of the findings heretofore made be and become the final order of this Court; that Plaintiff is authorized to sell those cattle which are the subject matter of this litigation unto Defendant, Lobo Order Buyers, Inc. in the manner above set forth and to cause all of the proceeds derived from said sale to be paid unto the Clerk of this Court for said Clerk to deposit and hold until further order of this Court."

The Court of Appeals concluded that the district court's order only directed proceeds to be paid into court if a sale to Lobo were consummated; therefore it did not govern a sale to another party. The court cited *Ensch* for the propositions that, before one can be punished for contempt for not complying with an order of a court, a particular or precise thing to be done by the party proceeded against must be clearly and definitely stated; further, a party to an action should not be punished for contempt for disobeying a decree if the decree is capable of construction consistent with innocence.

The Court of Appeals misapplied the holding in *Ensch* to this case. In *Ensch,* an action for specific performance of an oral contract, a stipulated order was filed which required the defendant to deliver to the plaintiff a life insurance policy. The plaintiff was unaware that the defendant had previously used the policy as collateral for a loan. When the defendant delivered the policy subject to the lien, the plaintiff requested the court find the defendant guilty of contempt for violating the stipulated order. The trial court held the defendant, the plaintiff's mother-in-law, in contempt, and ordered the defendant to purge the contempt, have the lien released within thirty days, or go to jail. The district court reasoned that even though the original stipulated order did not state that the defendant had to deliver the policy free from liens, that is what was implied and intended by the parties. The *Ensch* court reversed, concluding that since the order did not state that the policy had to be free from liens when delivered, the order was subject to different interpretations. 157 Kan. at 112-16.

*Ensch* is clearly distinguishable from this case. This case involves an interpleader action. An interpleader is a joinder device whereby all of those who claim some interest in a particular fund or personal property are joined in an action where the parties may assert and litigate their various claims. *Club Exchange Corporation v. Searing,* 222 Kan. 659, 567 P.2d 1353 (1977). Interpleader protects the stakeholder from multiple suits, and from determining at the parties' peril the validity and priority of the various claims. It brings the parties together in one action allowing a fair and equitable determination of all the parties' interests. Under K.S.A. 60-222 (a), the stakeholder need not be neutral. One condition unavoidable in interpleader actions is that the court obtains jurisdiction over the disputed property (the res).

Here, the court obtained jurisdiction over the cattle upon the filing of the interpleader action. The district court ordered the sale of the cattle to convert the cattle to cash to avoid the cost of maintaining the animals during the pendency of the interpleader action. By the clear terms of the order, the court agreed to relinquish its jurisdiction over the cattle only if the proceeds from the sale were paid into the court. Edmiston and Holcomb

Bank, without approval of the court, sold the cattle to another party and used a portion of the funds from the sale for their own benefit, thereby depriving the other parties in the action from exercising their right to the subject matter of the lawsuit. It is the general rule that when litigation is pending the destruction, removal, concealment, or disposal of the subject matter of a lawsuit by a party to the action is contempt of the court even in the absence of a court order regarding the property. See 17 C.J.S., Contempt § 11.

The Court of Appeals decision requires every court order to be so drafted as to prohibit every potential action a party might take to violate the order, including those actions implicitly forbidden. The action of Edmiston and Holcomb Bank deprived the court of the subject matter of the action in derogation of Perryton Bank's claimed security interest. The Court of Appeals mistakenly placed primary emphasis on the fact that the order did not specifically prohibit sale of the cattle to parties other than Lobo. While the sale to a party other than Lobo may not have been prohibited by the order, the requirement that the proceeds from the sale of the cattle be paid into the district court was completely ignored. Thus, the very purpose for which Edmiston had brought the interpleader action was defeated.

The statement in *Ensch* that a decree or order will not be expanded by implication in contempt proceedings, beyond the meaning of its terms when read in the light of the issues and the purpose for which the suit is brought, cannot be used as authority approving the actions of Edmiston and Holcomb Bank. No reasonable construction of the order would have permitted Edmiston and Holcomb Bank to sell the cattle to any party and to distribute the proceeds of the sale in a manner that they determined. Such action makes any determination by the court of the priorities of the parties to the subject matter of the suit a useless act. When examined in light of the purpose for which Edmiston brought the interpleader action, *i.e.*, the determination of the competing interests of all parties in the cattle or the sale proceeds, the district court was correct in holding Edmiston and Holcomb Bank in contempt.

We reverse the Court of Appeals, remand to the district court,

and reinstate the contempt order of the district court. The $100 per day fine is to be computed from the date of the contempt order to the date the original appeal was filed, August 22, 1985—August 26, 1985, and commence to run again from the date of the mandate of this proceeding, pursuant to K.S.A. 20-1205. We also grant appellees' motion for attorney fees in an amount to be determined when the proper documentation is submitted.