## DOENCH *v.* DOENCH.

[No. 27,062. Filed October 17, 1938.]

*W. D. Hardy,* for appellant.

*O. H. Roberts,* for appellee.

ROLL, J.—This is an appeal from a judgment of the Warrick Circuit Court finding the appellant guilty of contempt for failure to comply with an order of said court, entered into a judgment of divorce granted the appellee and ordering appellant, defendant below, to pay to O. H. Roberts, plaintiff's attorney below, for his services as attorney for plaintiff, the sum of one hundred dollars ($100.00).

O. H. Roberts, attorney for plaintiff below, filed his information for contempt, designated "A Motion for Contempt," showing that the appellant had failed to comply with the order of the court by not paying the said sum of one hundred dollars ($100.00) at the time ordered. On this information a citation was issued for appellant to appear and show cause.

Appellant appeared and filed his verified motion to discharge the rule to show cause. The motion, omitting the formal parts, is as follows:

"1. The order of this court as entered in the judgment or decree of divorce on May 26, 1937, orders this defendant to pay to O. H. Roberts for his services as attorney for the plaintiff in this cause the sum of One Hundred Dollars ($100.00). The rule to show cause is made upon this order and the court was without jurisdiction to enter the order requiring this defendant to pay any sum of money to the plaintiff's attorney for his services in this cause, or as a fee for his services for the plaintiff herein. Therefore, this order is void and will not sustain an order to show cause why the defend-

ant should not be attached and punished for contempt.

2. The rule to show cause does not clearly set forth the facts constituting the alleged contempt."

This motion was overruled and appellant excepted.

The court heard evidence upon the information and citation and found appellant guilty of contempt, and fixed his penalty at imprisonment at the Indiana State Farm for a period of 60 days, unless and until he should pay the sum of $90.00 due under said order and entered judgment accordingly.

Appellant appeals from this judgment and relies upon the following errors for reversal:

1. The court erred in overruling said appellant's motion to discharge the rule to show cause why he should not be attached and punished for contempt.

2. The court erred in overruling appellant's written motion for a new trial, upon the finding that said appellant was guilty of contempt.

Appellant contends under his first assignment of error that the court was without power, in entering the judgment for divorce, to order appellant to pay any sum to appellee's attorney for his services.

The statute under which the court made this order is §3-1216 Burns' Ind. St. Ann. 1933, §923 Baldwin's Ind. St. 1934, which is as follows:

"Pending a petition for divorce, the court, or the judge thereof in vacation, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper and such orders relative to the expenses of such suit as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. And, on decreeing a divorce in favor of the wife or refusing one on the application of the husband, the court shall, by order to be enforced by attachment, require the husband to pay all reasonable expenses of the wife in the prosecution or defense of the petition when such divorce has been granted or refused: Pro-

vided, That such orders shall be made under the same rules and regulations, and upon such notice, as restraining orders and injunctions are granted in other civil actions, except that no bond shall be required of either party."

The case of *Pennell* v. *Superior Court* (1927), 87 Cal. App. 375, 377, 262 Pac. 48, was a case in which the facts are identical with the facts in the case at bar and in deciding the question presented the court said:

"The rule is well settled that a judgment or order for the payment of fees directly to an attorney for one of the parties is a judgment in favor of persons not parties to the suit, and for that reason irregular and void. *Sharon* v. *Sharon*, 75 Cal. 1, 39, 16 P. 345; *In re Levinson*, 108 Cal. 450, 458, 41 P. 483, 42 P. 479; *Sullivan* v. *Gage*, 145 Cal. 770, 79 P. 537; *Chavez* v. *Scully*, 62 Cal. App. 6, 216 P. 46. In the latter case it is said (page 8 [216 P. 47] ) :

'Statutes similar to the section of the Code now under consideration have frequently been before the Supreme Court of this state, and that court has invariably held that, where the court is given authority to allow attorneys' fees in certain actions or proceedings, such allowance must be made to the party to the action and it has annulled and declared void in every instance, as far as our information goes, orders and decrees made directly in favor of the attorneys. In a divorce action under the authority of section 137 of the Civil Code, the court ordered attorney's fees paid to the plaintiff's attorneys. The Supreme Court set aside the order and in doing so used the following language: Section 137 regulates the matter in this state, and that section contemplates an order to pay to the wife. . . . When awarded, either by statute or upon general principles, "suit money" is awarded to her; and by section 137 counsel fees, if ordered to be paid, are ordered as part of her necessary expenses for prosecuting or defending the action for divorce. . . . The order here was a direct judgment for money in favor of persons not parties to the suit, and to that ex-

tent was irregular and void.' *Sharon* v. *Sharon,* 75 Cal. 1, 16 P. 345.''

In the case of *Bailey* v. *Bailey* (1912), 22 N. D. 553, 557, 134 N. W. 747, the court said:

"The second ground urged for a reversal of the order is that the allowance was made payable to the plaintiff's attorney, instead of to her. There seems to be some conflict in the adjudication upon this question; but we think the great weight of authority, as well as reason, supports appellant's contention that the order should require the allowance to be paid to the wife, and not to her attorney. Section 4071, *supra,* provides that such allowance is 'to enable the wife to support herself or her children, or to prosecute or defend the action.' While some courts have held that an order which makes such allowance payable directly to the attorney is merely irregular and not void, the weight of authority, and, we think, the better and sounder rule of practice, is to the contrary."

In the case of *Anderson* v. *Steger* (1898), 173 Ill. 112, 118, 50 N. E. 665, the court said:

"The allowance is for her, and not for the officers or witnesses, the commissioners who may take depositions or the master who may perform services. So far as such expenses are concerned, if such costs are not paid the claim of the officer or witness is against her; and it would not be proper for the court to make orders in favor of such parties against the defendant, so as to bring into the suit all those parties, and give each one a separate writ of error in case the court should refuse to order defendant to pay his fee. Any motion for allowance under the statute must be in her name, and the allowance is to be made to her, and not to the party whom she employs. When collected, she may apply it as may be necessary for the prosecution of her suit. The right being in her, the decree of the circuit court should not, in any event, have been in favor of her solicitor, but should have followed the statute and required the money to be paid to her or to the clerk for her use. The Appellate Court would have been justified in reversing the decree

for that reason, but it is also erroneous for other reasons."

In the case of *Quinn* v. *Quinn* (1928), 231 N. Y. S. 329, 330, 133 Misc. Rep. 266, the court said:

"The defendant is directed to pay a counsel fee to the plaintiff's attorney. Section 1169 of the Civil Practice Act provides that the court may require 'the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action.' The statute does not authorize such payment to be made to the wife's counsel. The order should make the counsel fee payable to the wife. *Kamman* v. *Kamman,* 167 App. Div. 423, 152 N. Y. S. 579; *Kellogg* v. *Stoddard,* 89 App. Div. 137, 84 N. Y. S. 1015. The order being unauthorized, the defendant cannot be adjudged in contempt for failure to comply with its provisions."

From the cases above cited and quoted from we do not think the above quoted statute was ever intended to be for the benefit of wife's counsel. The statute does not authorize such payment to be made to the wife's counsel. When counsel fees are ordered paid they are ordered as part of the wife's reasonable expenses and when collected she may apply it as may be necessary for prosecuting or defending her suit. The order should be made to the wife and not to her attorney. That part of the judgment ordering appellant to pay to O. H. Roberts, plaintiff's attorney, for his services as attorny for plaintiff is irregular and void.

The court having no power or jurisdiction to enter such a judgment the information filed is insufficient to sustain a contempt proceeding.

Judgment reversed with instructions to the trial court to sustain appellant's motion to discharge the rule to show cause.