KENNEDY et al. v. CHADWELL.

No. 33455. Jan. 31, 1950.

Rehearing Denied March 7, 1950.

*215 P. 2d 548.*

Baxter Taylor and Priest & Belisle, all of Oklahoma City, and J. E. Falkenberg, of Enid, for plaintiffs in error.

Monnet, Hayes & Brown, of Oklahoma City, for defendant in error.

HALLEY, J. Arthur W. Kennedy and Bertram S. Harris, attorneys, sue A. Ben Chadwell in the district court of Oklahoma county to recover upon two judgments of the superior court of Los Angeles county, California, ordering the defendant to pay directly to the plaintiffs two sums as attorneys' fees pendente lite. One judgment was entered March 15 and the other October 10, 1938, and they were not appealed from.

These attorneys' fees were allowed for services rendered in an action in which three minor children of the defendant, acting through their mother, Amboline Chadwell, as guardian ad litem, sought a judgment against the defendant, their father, in the sum of $500,000 in the nature of a trust fund for the use and benefit of the minor children. In the present action, the district court of Oklahoma county found for the defendant, and the plaintiffs have appealed. We shall refer to the parties as they appeared in the trial court.

The record discloses that in 1929 the defendant, A. Ben Chadwell, and wife Amboline Chadwell resided in Oklahoma county, Okla., and were the parents of three minor children. Amboline Chadwell instituted a suit for divorce in the district court of Oklahoma county, and in March of 1931, obtained a decree of divorce, the custody of the children, and an order for alimony and monthly payments for child support. It was agreed that thereafter, numerous orders were entered by the district court of Oklahoma county relative to the custody and support of the children. Some of these orders will be mentioned further in this opinion.

On March 20, 1935, A. Ben Chadwell and Amboline Chadwell appeared before the district court of Oklahoma county and, through agreement, secured an order whereby Amboline Chadwell was given part-time custody of the children and was given permission to remove them to California. It was further ordered that A. Ben Chadwell should have the custody of the three children during the three summer months thereafter, and that Amboline Chadwell should have their custody during the nine school months of each year until they reached their majority. A. Ben Chadwell was ordered to pay Amboline Chadwell the sum of $75 per month for the support of the children

during the months they were in her custody.

In September, 1937, the district court of Oklahoma county entered an order releasing A. Ben Chadwell from contributing further to the support of the children, and on February 8, 1938, the district court of Oklahoma county entered an order finding that A. Ben Chadwell had fully complied with prior orders for the support of the children, and further finding that Amboline Chadwell had not complied with the orders of the court relating to custody and had not taken proper care of the children for the past two years. Custody was awarded to A. Ben Chadwell, and Amboline Chadwell was ordered to deliver the three children to him.

On December 1, 1937, the three children, through Amboline Chadwell as their guardian ad litem, instituted an action in the superior court of Los Angeles county, California, praying for an order against A. Ben Chadwell requiring him to establish a trust fund for their care, education, and support. At that time, the children and both parents resided in California, and both parents had been married to other spouses. It is for services rendered in that action that the plaintiffs secured the two judgments which are sued upon in the present action, which was commenced in the district court of Oklahoma county on March 10, 1939.

The defendant, A. Ben Chadwell, answered by general denial, and alleged that the two judgments of the superior court of Los Angeles county sued upon herein were void for lack of jurisdiction, which had been expressly retained at all times by the district court of Oklahoma county insofar as the custody and support of the children was concerned. It was alleged further that Amboline Chadwell had violated the orders of the district court of Oklahoma county in that she had taken the children to California and refused to return them to Oklahoma, but that A. Ben Chadwell had fully complied with all orders of the district court. An amend-ment was filed by the defendant, alleging that the superior court of Los Angeles county had no authority under California law to order the defendant to pay an attorneys' fee directly to the attorneys.

The plaintiffs contend that the judgments sued upon are valid, final judgments under the California law, where rendered, and that the principal questions on appeal are: (1) the validity of the judgment under the laws of California, and (2) Have the defendants complied with the Oklahoma law relating to suit upon foreign judgments?

The defendant contends that the judgments sued upon are void and unenforceable because the California court had no jurisdiction of the subject matter, and that the orders sued upon are contrary to California law because they order the attorneys' fees paid directly to the attorneys, who were not parties to the action in which they were allowed. No appeal was taken from the orders sued upon, and the time for appeal has expired. If the orders are void as being beyond the jurisdiction of the California court, or contrary to California law, they are, of course, unenforceable.

The amendment to the answer of the defendant specifically pleads that under the California law, the superior court of Los Angeles county had no authority to enter an order directing payment of these fees directly to the attorneys, and that such orders are illegal and wholly void.

The action in which the attorney's fees were allowed is not a divorce action, nor an action for separate maintenance. Section 137.5 of the Civil Code of California specifically provides that such fees may be allowed and ordered paid directly to the attorneys in a divorce or separate maintenance action. Section 137 originally made no such provision, but was amended in 1937 to include this provision. Section 196 of the same Code, making provisions for the care of illegitimate children, was

also amended to provide for the payment of fees directly to the attorneys for the plaintiff, and appears as 196a of the present Code.

The question is not the power of the California court to allow an attorneys' fee pendente lite in certain civil actions. The question here is, whether or not, in the California action in which the fees sued for were allowed, the court was authorized to enter an order directing that the attorneys' fees be paid directly to the attorneys for the guardian ad litem. The attorneys were not parties to that action. If no authority existed in the court to order the fees paid directly to the attorneys, then the orders were void and cannot be enforced.

It appears that the California courts have uniformly held that the authority to order fees paid directly to the attorneys must be expressly authorized by statute. There are two sections of the Civil Code which have been amended so as to give the trial court discretionary power to order direct payment of fees to attorneys who have represented a party in a proceeding under a statute authorizing the allowance of an attorneys' fee. These rulings appear to be based upon the theory that courts are not authorized, in the absence of express authority, to order payments to those not parties to the action.

The plaintiffs in error, in their brief, say:

"The original action was brought on February 28, 1938, pursuant to Section 206 of the Civil Code of California providing for maintenance and support of minor children."

We agree with this statement. The judgments sued for herein were not rendered in a divorce or separate maintenance action, as is provided for in section 137.5, Civil Code of California, 1937, ch. 183. This clearly was an action under section 206 of the California Code, which is as follows:

"Reciprocal duties of parents and children in maintaining each other.— It is the duty of the father, the mother, and the children of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability. The promise of an adult child to pay for necessaries previously furnished to such parent is binding."

The divorce of the defendant, A. Ben Chadwell, and Amboline Chadwell had been granted in the district court of Oklahoma county, Okla., in 1931, where provision for the care and support of their three minor children was made. Both parties appeared in that court in 1935 and, on agreement, the order granting the custody of the children to the mother was modified, and Amboline Chadwell was granted permission to remove the children to California for nine months of each year, upon condition that she return them to Oklahoma for the three summer months, during which time the father was to have their care and custody. Upon reaching California, the mother apparently defied the judgment of the Oklahoma court, and then, as guardian ad litem for the minor children, employed the attorneys who are the plaintiffs here to bring an action in California to require the defendant to provide a trust fund of a half million dollars for the support and maintenance of the children.

Both of the questions involved in this appeal are questions of jurisdiction. We shall consider, first, the right of the California court in which the judgments sued upon were rendered to order the attorneys' fees paid directly to the attorneys. Since this is an action arising under section 206 of the California Civil Code, section 137.5 is not applicable. In 1888, the Supreme Court of California decided the case of Sharon v. Sharon, 75 Cal. 1, 16 P. 345, in which the rule relative to the payment of attorneys' fees was laid down, in the second syllabus, as follows:

"Civil Code California, Sec. 137, provides that in an action for divorce, the

court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to prosecute or defend the action. Held, that the money must be paid to the wife; and it is not within the discretion of the court to order it paid to any other persons, or to allow the wife money for unnecessary counsel in the action."

It will be noted from the above that section 137 had not, at that time, been amended to expressly provide that the trial court might, in its discretion, order attorneys' fees paid directly to the attorneys. In the body of the opinion, the court said:

"The order, so far as it relates to counsel fees, is, in effect, a judgment that the defendant in this action pay to Messrs. Tyler & Tyler, and to the other counsel named, respectively, the several sums mentioned,—aggregating fifty-five thousand dollars,—and that Messrs. Tyler & Tyler, and each of the others, shall have execution for the sum directed to be paid to them or him. Section 137 of the Civil Code provides, 'While an action for divorce is pending the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action.' There can be no doubt the order must require the alimony to be paid to the wife, and it seems equally plain it was intended that the money ordered to be paid, as necessary to prosecute or defend the action, should be ordered paid to her. Section 137 regulates the matter in this state, and that section contemplates an order to pay to the wife. It would seem that where the statutes are silent on the subject, temporary alimony and suit money can be awarded to the wife."

In Pennell v. Superior Court et al., 87 Cal. App. 375, 262 P. 48, the rule is announced by the District Court of Appeals, in the first and second paragraphs of the syllabus, as follows:

"1. A judgment or order for the payment of fees directly to an attorney for one of the parties, being in favor of person not party to the suit, is irregular and void.

"2. Judgment and order for payment of fees to the attorney of a party being void, the court is without jurisdiction to punish for contempt on account of failure to obey the same."

In Chavez v. Scully et al., 62 Cal. App. 6, 216 P. 46, the court had under consideration a partition statute providing that costs, including counsel fees, must be paid by the parties who share in the lands divided, but containing no authorization for direct payment to attorneys. In the body of the opinion, the court said:

"Statutes similar to the section of the Code now under consideration have frequently been before the Supreme Court of this state, and that court has invariably held that, where the court is given authority to allow attorneys' fees in certain actions or proceedings, such allowance must be made to the party to the action, and it has annulled and declared void in every instance, as far as our information goes, orders and decrees made directly in favor of the attorneys. . . .

"These authorities would indicate that the decree, in so far as it purports to allow to the attorneys certain fees for their services, is to that extent invalid. It would therefore not give the said attorney any personal interest in the judgment. Having no such interest therein, they would have no right to appear in the case representing simply themselves and not their clients, or to be heard in any proceeding to annul or set aside the decree."

The rule, as announced above, was also approved in the case of Garra v. Superior Court, 58 Cal. App. 2d 588, 137 P. 2d 31, which was a guardianship proceeding. The same rule was announced in Stevens v. Stevens, 215 Cal. 702, 12 P. 2d 432. The Supreme Court of Indiana announced the same rule in Doench v. Doench, 214 Ind. 559, 16 N.E. 2d 877, 118 A.L.R. 1134, and annotations citing California cases at page 1138.

It should be borne in mind that the question of whether the court had authority to allow costs and attorneys'

fees is not the question under consideration here. The question is simply: Did the court have authority to order the attorneys' fees paid directly to the attorneys? There is no doubt but that fees may be ordered paid directly to the attorneys where expressly authorized by statute. Section 196a of the Civil Code was amended in 1939, and section 137 was amended by section 137.5 in 1937. So far as we have been able to ascertain, section 206, on which the action in which the attorneys' fees were allowed was founded, has not yet been so amended, and consequently such authority has not yet been granted to the trial court in an action brought under section 206.

The plaintiffs contend that since the judgment of the superior court of Los Angeles county was not appealed from, it has become final and cannot now be questioned. In Pennell v. Superior Court et al., supra, the rule is announced in the fifth syllabus as follows:

"Judgment for payment of fees to attorney of party, being void on its face, may be attacked collaterally in contempt proceeding, notwithstanding there was a motion to vacate it on the ground of want of jurisdiction, and this was denied, and no appeal was taken."

And, in the body of the opinion, the court said:

"Respondent contends that, since the judgment was attacked directly by the motion to vacate on the ground of lack of jurisdiction, which motion was denied, and no appeal taken from the judgment, the question of jurisdiction was thereby finally adjudicated, and therefore cannot be raised collaterally. The rule is well recognized that judgments void on their face may always be attacked either directly or collaterally. In Estate of Pusey, 180 Cal. 368, 374, 181 P. 648, 650, it is said, quoting from Forbes v. Hyde, 31 Cal. 342, 348:

" 'A judgment absolutely void may be attacked anywhere, directly or collaterally, whenever it presents itself, either by parties or by strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever.'—See, also, Pioneer Land Co. v. Maddux, 109 Cal. 638, 42 P. 295, 50 Am. St. Rep. 67, and Adams v. Adams, 154 Mass. 290, 28 N.E. 260, 13 L.R.A. 275.'

"Moreover, the affirmance of a void judgment on appeal does not make it valid. Ball v. Tolman, 135 Cal. 375, 67 P. 339, 87 Am. St. Rep. 110; Pioneer Land Co. v. Maddux, 109 Cal. 633, 42 P. 295, 50 Am. St. Rep. 67. In the present case there was no appeal, but the judgment was void as to payment of attorney's fees to an attorney who was not a party to the action."

We conclude that since there is no express authority granted by the statutes of California for an attorney's fee to be paid directly to the attorney in an action founded upon section 206 of the Civil Code, the orders sued upon in the present action are void and may be attacked in this action, which was brought to enforce the judgments of the California court.

Since we have concluded that the judgments sued upon are void in that they direct the attorneys' fees to be paid directly to the attorneys, who were not parties to the action in the California court, we find it unnecessary to pass upon the contention of the plaintiff that the California court had jurisdiction of the parties and the res and that its judgment is final when not appealed from.

For the foregoing reasons, the judgment of the trial court is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. O'NEAL, J., dissents.