Charles C. KETCHUM and Lloyd G. Larkin, Plaintiffs in Error,

v.

James REIDY, Receiver, Richard T. Oliver, Dana O. Henry et al., Defendants in Error.

No. 37149.

Supreme Court of Oklahoma.

May 28, 1957.

Rehearing Denied July 2, 1957.

Ernest E. Clulow, Jr., Tulsa, Underman, Whitebook, Grabel & Ungerman, Tulsa, of counsel, for plaintiffs in error.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Robert L. Wheeler, Tulsa, for defendants in error Richard T. Oliver and James Reidy, Receiver.

James G. Davidson, Tulsa, for defendants in error Hubert M. Mathews and James G. Davidson.

PER CURIAM.

This action was initiated by the defendant in error, Richard T. Oliver, plaintiff below, to compel contribution from the defendants who had joined with him in the development of an oil and gas lease and to have a receiver appointed to operate the well and pay the debts incurred in its completion.

In 1953 the owners of the fee of the East ½ of the Southeast ¼ of Section 16, Township 21 North, Range 13 East, Tulsa County, executed a lease to a Mr. Lank who, with others, contracted with the plaintiff in error, Charles C. Ketchum, defendant below, to drill an oil well on this property. Mr. Ketchum drilled the well, a dry hole, as contracted, to a depth of 1162 feet, but the lessees failed to pay him for his work and material. Mr. Ketchum perfected a lien on the leasehold under the provisions of 42 O.S.1951 § 144. Thereafter, the defendants, Larkin, Whitney and Trackwell, and others, secured a new lease of this property and on May 6, 1954, entered into a contract with the plaintiff whereby they assigned to him a one-fourth interest in the lease upon his promise to complete and make a producer of the pre-existing well and pay half of the cost. The

contract also provided the portion each of the lessees was to pay of the cost.

After the execution of this contract, the plaintiff, on May 22, 1954, entered into a contract with Ketchum wherein the plaintiff agreed to assign Ketchum a one-eighth interest in the lease upon his agreement to pay one-fourth of the cost of completing the well. Ketchum, as drilling contractor, was to do the work at an agreed price per day. Another of the terms of this contract was that Ketchum:

"shall furnish operator with a release of mechanics lien properly executed by all drillers, tool dressers, and other employees who worked on said well, on said premises, and also satisfactory evidence that all bills for equipment and supplies used in said operation have been paid."

While work was progressing on completing the well, the plaintiff entered into negotiations with Trackwell and Whitney concerning his purchase of their interest in the lease and a release of their financial responsibility for the costs of completing the well. The negotiations resulted in the execution of assignments of their interests to the plaintiff upon his agreement to release them from liability for costs. Ketchum did not participate in these negotiations and his name does not appear in these assignments as an interested party.

After the petition was filed, Edward N. Cohn, d/b/a Edco Pipe and Supply Co., and Jack Morrow, d/b/a Morrow Well Servicing, intervened. Cohn pleaded a cause of action against the plaintiff for material sold him and used on the lease and claimed a lien on the property. Morrow pleaded a cause of action against the plaintiff and the defendants for material used on the lease and claimed a properly perfected statutory lien against the lease. After the appointment of the receiver, other persons filed claims with him but did not intervene in the action. No one contested the amount of any of these claims.

Among other things, the court entered judgment determining that the plaintiff and Ketchum were equal owners of the interest acquired from Whitney and Trackwell; that Ketchum's previous lien claim be disallowed; and that all the creditors should have a personal judgment against the plaintiff and the defendants Larkin and Ketchum. Each of these parties thereupon filed a motion for new trial. On June 12, 1955, the motions of Larkin and Ketchum were overruled. On June 15, 1955, this order was vacated as to Ketchum and further hearing set for June 17, 1955, at which time Ketchum's motion was once more overruled. On July 27, 1955, an Order was filed, dated June 20, 1955, overruling the Larkin motion for new trial, but this date is contrary to the date of the court's order as reflected by the record. On July 29, 1955, the court granted the defendants 60 days in addition to the three months allowed by statute to perfect their appeal. The court has not acted on the filed his petition in error on November 14, 1955, while Larkin did not file his until November 15, 1955. The plaintiff did not file a petition in error.

■ The plaintiff has titled part of his brief as an argument on his "cross appeal" plaintiff's motion for a new trial. Ketchum and in it has asserted that certain actions of the court were erroneous. The answer to this brief is that the plaintiff has not appealed. Likewise, the defendant Larkin has failed to file his petition in error within the time allowed and has not, therefore, perfected his appeal. The time for Larkin to appeal expired November 12, 1955, and his petition in error was not filed until November 15, 1955. In addition, he has failed to file a brief in support of his petition in error. This court should always examine the facts necessary to establish its jurisdiction. Alexander Drug Co. v. Holbert, 156 Okl. 198, 10 P.2d 412.

■ The defendant Ketchum first urges that the court erred in refusing to allow his mechanic's lien against the lease-

hold estate and the equipment in the well. It is true that a properly perfected lien follows the property on the lease and the material in the well even though the lease is abandoned and a new lease executed. Brown v. Neustadt, 145 Okl. 140, 292 P. 73. In this case, however, the contract of the defendant with the plaintiff expressly covers liability for mechanics' and materialmen's liens. The defendant agreed to secure a release of all such liens "on said well, on said premises,". This was the only lien on "said well" and the only well "on said premises", so far as the record discloses, at the time this contract was executed. The court did not err in refusing to allow this lien.

■■■ The defendant also earnestly insists that the court erred in determining that he was a joint owner with the plaintiff of the leasehold interest purchased from Whitney and Trackwell with its additional liability for costs of the well. This position is well taken. The court's judgment on this point is not only against the clear weight of the evidence but is unsupported by any evidence and is directly contrary to all the written contracts, the pleadings of the plaintiff, and the testimony of the contracting parties. The plaintiff himself testified that "we did not have any contract to that effect", i.e., that Ketchum was to have an interest in the interest acquired from Whitney and Trackwell. Ketchum's liability for costs to the other cotenants is limited by his contract with Dr. Oliver in which it was provided that he would pay one-fourth of the costs of the well. His costs in the action should also be limited to this fractional part. Riddle v. Garner, 175 Okl. 325, 52 P.2d 837.

■ Finally, it is urged that the court erred in rendering a personal judgment against the defendant and in favor of the creditors asserting claims for material or services used in the development of the lease. As to the intervenor, Morrow, this contention is without merit. Morrow stated a cause of action against all these parties, and his proof was that Ketchum personally ordered the work. Furthermore, there was no issue made on this claim except as to its order of priority. The contention that the deficiency judgment statute applies has heretofore been determined adversely to the defendant. Price v. Shell Oil Co., 199 Okl. 193, 185 P.2d 211. In any event, it appears that this claim has been paid from the assets of the lease. Insofar as the court rendered a personal judgment against Ketchum on the other claims, it erred. The intervenor, Cohn, did not even plead a cause of action against anyone other than Dr. Oliver. The other creditors were not parties to the action except to secure the approval of their unsecured claims as a charge against the assets of the lease in the hands of the receiver. The personal judgment against Ketchum in their favor exceeded the court's authority. Southard v. Oil Equipment Corp., Okl., 296 P.2d 780; Askin v. Taylor-Skinner Pub. Co., 176 Okl. 438, 56 P.2d 379; Flournoy v. Bullock, Baker & Co., 11 N.M. 87, 66 P. 547, 55 L.R.A. 745. Clark, The Law of Receivers, § 758.

Affirmed in part. Reversed in part with directions to take further proceedings not inconsistent with the conclusions expressed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.