STATE of Missouri ex rel. Susan Lee ROSENER, Relator,

v.

The Honorable Herbert LASKY, Judge of the Circuit Court, County of St. Louis, Division Four, Respondent.

No. 38366.

Missouri Court of Appeals, St. Louis District, Division Four.

May 24, 1977.

Edward R. Joyce, St. Louis, for relator.

Martin & Nangle, Richard P. Nangle, St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

In this original proceeding, Susan Lee Rosener, relator, seeks to prohibit respondent from issuing an order for her arrest and commitment for contempt.

The Circuit Court of St. Louis County entered judgment on November 6, 1975 dissolving the marriage of relator and Daniel Lee. Care, custody and control of a minor child was awarded to relator, but temporary custody was awarded to the father for certain designated periods and from "February 7, 1976 to February 14, 1976; and each six weeks thereafter for a one week period of time."

On April 30, 1976 respondent adjudged relator to be guilty of contempt for the "willful failure * * * to deliver the child of the parties to [Daniel Lee] on February 7, 1976," and the court decreed that for such contempt she be committed by the sheriff of the County of St. Louis, State of Missouri to the county jail until certain action was taken by her. It was further provided that a warrant should issue "unless [relator] shall comply strictly with the Order of the Court dated November 6, 1975 pertaining to the temporary custody and delivery of the child of the parties with the next week's term of temporary custody commencing May 8, 1976 through May 15, 1976 and each sixth week thereafter."

On July 12, 1976 Daniel Lee filed an affidavit with the court in which he stated that the child was "most recently" returned by him to relator on June 4, 1976 and "as prescribed by order of the Court dated November 6, 1975" the child was to have been delivered to him by relator on July 9, 1976, but that relator "absolutely refused" to do so. He requested that a "warrant issue to execute the order of the court dated April 30, 1976, and [that relator] be committed by the Sheriff of the County of St. Louis, State of Missouri, to the County jail."

On July 14 Daniel Lee's attorney mailed to the attorney for relator a notice "that a hearing has been set on Friday, July 23, 1976 at 2:00 o'clock P.M. in Division No. 4 of the St. Louis County Circuit Court * * on [Daniel Lee's] Affidavit of [relator's] Non-Compliance of the Order of said Court dated November 6, 1975 pursuant to the Order of April 30, 1976 requesting a Warrant for the arrest of Petitioner for contempt and for her commitment to the St. Louis County jail."

It is not clear from the record whether a hearing was held on July 23, but on that date the court entered an order that a warrant issue for the arrest and commitment to jail of relator "pursuant to said order of April 30, 1976," which it then ordered to be "stayed to July 28, 1976 at 5 p. m." Apparently no further action was taken until September 8, 1976 when this court issued its provisional writ of prohibition directing that respondent take no action in the matter until the further order of this court.

We conclude that the provisional rule of prohibition should be made absolute, but we reach that result wholly aside from any contention presented by relator.

■ Custodial provisions may be enforced through contempt proceedings, *Lipsey v. Lipsey,* 464 S.W.2d 529 (Mo.App. 1971), but to justify adjudging one guilty of contempt for alleged violation of an order pertaining to custody, it must contain a mandatory or prohibitive order, and describe definitely what he is or is not to do. 17 C.J.S. Contempt § 12 p. 32. Therefore, "a party cannot be punished for contempt 'for failing to do something not specified in the order.'" *Ex parte Le Mond,* 295 Mo. 586, 245 S.W. 1057, 1058 (banc 1922).

■ The terms of the order of November 6, 1975 specifying the times that Daniel Lee was to have temporary custody of the child were changed by the Order of April 30, 1976 to "May 8, 1976 through May 15, 1976 and each sixth week thereafter." Therefore, pursuant to the order of the court relator was to deliver temporary custody of the child to Daniel Lee on June 10 and again on July 31, each period of temporary custody to continue for one week. Relator had no duty by reason of the order of the court to deliver the child to him on July 9,[1] the date he demanded delivery of the child, and her failure or refusal to do so could not constitute contemptuous conduct.

In his affidavit Daniel Lee states that the child had previously been returned to rela-tor by him on June 4. He apparently predicated his claim to temporary custody starting July 9 on the theory that July 9 to July 16 was the sixth week thereafter. Perhaps the parties agreed that Daniel Lee should have custody for the week ending June 4, but they cannot by agreement change the order of the court, and relator cannot be held to be in contempt of court because she did not abide by a private agreement between her and the child's father, if that is what happened.

The pleadings and exhibits on file in this case conclusively show that relator did not violate any order of the court in refusing to deliver the child to its father on July 9, 1976. The court proposes to act beyond its authority in issuing a warrant for the arrest and commitment of relator to jail for contempt.

We express no views concerning the merits of the contentions made by relator in her brief to this court.

The provisional writ of prohibition is made absolute.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.

---

1. This is true as to the order of November 6, 1975 if it be considered not to have been amended by the order of April 30, 1976.