Sue Denise McCRARY, Appellee,

v.

Mark Leroy McCRARY, Appellant.

No. 63985.

Supreme Court of Oklahoma.

July 22, 1986.

Jerry Day, Shdeed & Hartmann, Oklahoma City, for appellant.

D. Fred Doak, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ALMA WILSON, Justice:

The parties were married on May 18, 1973 and divorced on May 8, 1980. During the course of the marriage, the parties jointly acquired certain assets, real and

personal; and they jointly acquired certain debts and liabilities. In effecting a division of spousal property between the parties, the trial court set over particular jointly acquired assets and debts to the wife and particular jointly acquired assets and debts to the husband. This appeal concerns only that part of the division awarding to the wife the marital residence, and mortgage indebtedness thereon, and to the husband the back house payment arrearage and joint income tax indebtedness, which the husband was ordered by the court to pay.

The husband contested the property division effected by the trial court in a previous appeal. The Court of Appeals, Temporary Division No. 85, modified the trial court's property division to require the wife to assume and pay, in addition to the mortgage indebtedness on the home, the $2,652.86 house payment arrearage. The temporary Court of Appeals also vacated an alimony award, in the amount of $7,200, which the trial court had granted the wife. The trial court's order requiring the husband to pay the former couple's joint income tax indebtedness was not modified or vacated.

The husband [Appellant, herein] thereafter failed to comply with the court's order to pay the couple's back income tax liability. The wife [Appellee, herein] filed an application for citation requesting the trial court to find Appellant in contempt of court for willful disobedience of the court's order.

In response to Appellee's application for contempt citation, Appellant filed a pleading also denominated as an application for contempt citation. In this pleading, Appellant alleged he had paid the sum of $1,500 for arrearage payments on the house, and the sum of $200 as alimony. Although denominated an application for contempt, Appellant apparently sought a set-off in the amounts stated.

The trial court held a hearing. The parties stipulated that prior to the Court of Appeals' decision vacating the alimony award, Appellant had paid $200 for which he should receive credit thereby reducing Appellee's claim to $1,204. The question whether Appellant in fact paid any arrearage payments on the home remained at issue.

The evidence developed that Appellant's parents were the mortgagees to whom Appellant testified he made back mortgage payments in arrears; that the mortgage called for monthly payments in the amount of $114.50; that Appellant's parents were his present landlords; and that his monthly rent was $150. Appellant offered into evidence 10 cancelled checks, written by Appellant for $150 each, dated December 12, 1980 through February 27, 1982 upon which Appellant's parents were payees. Appellant claimed that the 10 checks were back mortgage payments. On cross examination, Appellant admitted that at the time each purported back mortgage payment was made the "memo" portion of the 10 checks was blank; but that after the Court of Appeals modified the lower court's property division, he realized he was entitled to reimbursement for mortgage arrearages paid and went back in approximately May of 1982 and filled in the memo portion of the cancelled checks to reflect payment of mortgage arrearage. He steadfastly maintained, however, that he altered the checks only to show their true application. He testified that he had arranged to perform work on the rental property of his parents in exchange for rent on occasion and that depending upon the amount of work done any particular month his parents applied the $150 monthly payment to rent or arrearages. Appellant's mother substantiated his testimony. The trial court who heard all the evidence and observed the demeanor of the witnesses first hand concluded that Appellant had made no arrearage payments. We accept the trial court's finding as a matter of fact within the province of that court. A trial court's finding on a question of fact will not be disturbed on appeal unless it is clearly against the weight of the evidence so as to constitute an abuse of discretion. *Abel v. Tisdale,* 619 P.2d 608 (Okl.1980).

■ At the conclusion of the hearing, the trial court held in favor of Appellee in the amount of $1,204, but stated its opinion that it had no jurisdiction to hold Appellant in contempt of court. While we offer no opinion concerning whether the actions of Appellant in fact warrant citation for willful disobedience to the court's order contained in the parties' Decree of Divorce, we find we must remand this case to the trial court to consider Appellee's application for contempt of court pursuant to 12 O.S.1985 Supp. § 1276.2, enacted by the Oklahoma Legislature following our previous decisions bearing upon contempt proceedings in divorce actions.

In applicable part 12 O.S.1985 Supp. § 1276.2 provides:

Any order for the payment of money as part of a division of spousal property pursuant to a divorce or separate maintenance action, if willfully disobeyed, may be enforced as an indirect contempt of court.

■ We find the contempt power above conferred does not contravene the constitutional interdiction of imprisonment for debt in that contempt lies not for debts incurred, but is limited to enforcement against the offending party who has *willfully disobeyed an order of the court.*

The trial court's order was issued in this case pursuant to its express duty statutorily imposed by 12 O.S.1981 § 1278 to effect a fair and just division of spousal property, which necessarily requires disposition of both the assets and liabilities of the divorcing parties. The power to punish for contempt is expressly conferred by Okla. Const. Art. II § 25, and has been held to have a dual purpose; one, punishment for disrespect of court or its order, and secondly, as a means of compelling performance of a duty required by the court. *Burnett v. State,* 8 Okl.Cr. 639, 129 P. 1110 (1913).

■ Where it can be established that a contemnor could have complied, had the means by which to comply with the court order, and fails to do so at once proves a willful disobedience necessary to the statutory authorization conferred by § 1276.2

and removes it from the realm of the constitutional prohibition against imprisonment for debt. Thus, the two relevant facts necessary to establish contempt under the statute are: Was the order clear enough to give the party charged reasonable notice of the order's intent, and secondly, was the disobedience thereof willful in that the charged party could have, but refused, to comply.

In the present case the trial court *a priori* determined that it had no jurisdiction to entertain the application for contempt citation because the court order in the Decree of Divorce compelled payment of money to another. It did not, therefore, consider the relevant facts necessary to establish contempt. As the parties invoked the authorization conferred by § 1276.2 it was error for the trial court to disregard its contempt powers. Upon remand the trial court is directed to consider the contempt application of Appellee. The judgment for Appellee is vacated.

The final issue presented in this appeal is the trial court's award of a $300 attorney fee to Appellee. Appellant argues the trial court had no authority to award the fee. Appellee argues the trial court erred in reducing the fee to $300, although evidence was presented showing that counsel worked on the instant matter 13.9 hours at the rate of $80 per hour and the parties had additionally settled upon $600 as a reasonable fee, but Appellant did not agree to pay said sum.

■ Under the auspices of 12 O.S.1981 § 1276, a trial court may in its discretion make additional orders relative to the expenses of actions brought by the parties or their attorneys, for the enforcement of any interlocutory or final orders in a divorce action for the benefit of either party or their attorneys. We find the trial court acted within its statutory authority under § 1276 in awarding an attorney fee to Appellee. We further find the trial court did not abuse its discretion granted by § 1276 in ordering Appellant to pay on behalf of Appellee only one-half of the amount which

the parties agreed was a reasonable attorney fee under the circumstances, thus requiring Appellee to pay the second half of her own attorney's fee.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

OPALA, J., dissents.

OPALA, Justice, dissenting.

The court pronounces that the terms of 12 O.S.Supp.1982 § 1276.2 [1] authorize a district court to enforce by contempt a one-sentence provision of its divorce decree directing that the husband "pay the back taxes due to the IRS for the years that the parties were married." I must recede from today's holding.

Section 1276.2 deals *solely* with orders "... for the payment of money as part of a division of spousal property...." The divorce provision sought to be enforced in this case does not fall under the rubric of decisions authorized for contempt enforcement by the quoted statute. It is neither a support-related obligation nor a monetary award in lieu of property division.[2] The order is in the nature of an indemnity clause designed to hold the wife harmless from joint federal tax liability which she may be called upon to discharge. Rather than dividing some intangible property or an intangible interest of the spousal estate, the decree clause in question merely orders the husband to address a purely *negative asset*—a potential liability in the form of an *obligation* that might be due to a third party. It is manifestly clear that the order cannot be enforced by the IRS. This is so because it was not a party to the divorce.[3]

There is also an insuperable impediment to the wife's enforcement of the tax payment order. The decree determines neither the time for payment of the tax nor the specific amount that is due. Because the critical terms defining the husband's allegedly breached obligation are missing, further proceedings doubtless will be necessary before performance by payment could be enforced. The tax payment provision, whose open-ended parameters must depend for content upon the will of a nonparty— the Internal Revenue Service—*is neither an order nor a judgment.* Until the husband's tax obligation has been adjudged in definite terms and ordered paid at a stated time, it is unenforceable by any coercive process, legal or equitable. Contempt does not lie for failure to discharge a duty that is undefined by the order alleged to have been disobeyed.[4] Judgments uncertain

1. The terms of 12 O.S.Supp.1982 § 1276.2 provide:
"Any order for the payment of money as part of a division of spousal property pursuant to a divorce or separate maintenance action, if willfully disobeyed, may be enforced as an indirect contempt of court."

2. Support-related obligations are enforceable by contempt. See *Potter v. Wilson*, Okl., 609 P.2d 1278, 1280 [1980]. Contempt is available under the terms of 12 O.S.Supp.1982 § 1276.2 to enforce a monetary award in lieu of property division.

3. *Kennedy v. Chadwell*, 202 Okl. 491, 215 P.2d 548, 551–552 [1950]; *Greco v. Foster*, Okl., 268 P.2d 215, 219 [1954] and *Ketchum v. Reidy*, Okl., 312 P.2d 955, 958 [1957]. See also *Gardner v. Gardner*, Okl.App., 629 P.2d 1283, 1288 [1981].

4. *Plummer v. Superior Court of the City and County of San Francisco*, 20 Cal.2d 158, 124 P.2d

5, 8 [1942]; *Ensch v. Ensch*, 157 Kan. 107, 138 P.2d 491, 496 [1943]; *State ex rel. Rosener v. Lasky*, 552 S.W.2d 728, 730 [Mo.App.1977]; *State v. Bailey*, 132 Or. 350, 285 P. 809, 811 [1930]; *Ex parte Slavin*, 412 S.W.2d 43, 44 [Tex. 1967] and *Winn v. Winn*, 218 Va. 8, 235 S.E.2d 307, 309 [1977].

In *Bailey, supra*, 285 P.2d at 811, the court said:
"... To justify a court in adjudging one guilty of contempt for the alleged violation of an order, the act complained of must be so clearly defined in the order that it will appear with reasonable certainty that the order has been violated; hence, orders which are uncertain and indefinite in their terms, will not sustain a judgment of guilty in contempt proceedings...."

In *Winn, supra*, 235 S.E.2d at 309, the wife brought contempt proceedings to enforce a provision of the marital settlement agreement incorporated into the divorce decree. The husband was held not to be in contempt under the

both as to the amount adjudged and as to the time the liability is to be satisfied will not support an execution.[5]

I would hence hold that a decree-imposed provision for payment of an unascertained obligation that may be due a third party is not enforceable by contempt.

general rule that "before a person may be held in contempt for violating a court order, the order must be in definite terms as to the duties thereby imposed upon him and the command must be expressed rather than implied."

5. *Moroney v. Tannehill,* 90 Okl. 224, 215 P. 938, 941 [1923].