**Teresa WILSON, Appellant,**

v.

**Briant WILSON, Appellee.**

**No. 75281.**

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 20, 1991.

Rehearing Denied Sept. 24, 1991.

Certiorari Dismissed April 8, 1992.

Jon R. Ford, Enid, for appellant.

David C. Butler, Enid, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellee, Briant Wilson, filed a motion to modify a decree of divorce to provide that Appellant, Teresa Wilson, be required to execute appropriate Internal Revenue Service forms consenting to the allowance of the claim for income tax exemption to Appellee for the parties' two children. The original decree was silent in this respect.

The original decree gave custody of the two children to Appellant. It ordered Appellee to pay to Appellant a total of $535.00 per month as child support. Neither party requested modification of this amount by pleading. However, Appellant testified she would like the court to increase Appellee's obligation for child support to $550.00 per month. Although the record does not contain a computation of child support under the Child Support Guidelines, the parties agree that computation would show Appellee should pay $550.00 and Appellant should provide $112.00 in child support.

In 1984, the United States Congress amended Section 152(e) of the Deficit Reduction Act of 1984, 26 U.S.C. § 152, to provide that the dependency exemption for minor children of divorced parents goes to the custodial parent, except in certain cir-

cumstances. That section provides in pertinent part:

> (1) Custodial parent gets exemption. Except as otherwise provided in this subsection, ...
>> (A) ...
>> (B) ... such child shall be treated ... as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent")

The exception to the above rule is found at Section 152(e)(2) which states:

> (2) Exception where custodial parent releases claim to exemption for the year. A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the non-custodial parent if
> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may be regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> (B) the non-custodial parent attaches such written declaration to the non-custodial parent's return for the taxable year beginning during such calendar year.

The trial court found Appellee would be entitled to the exemptions based on his contributions to the children's support.[1] However, in its order of modification, it granted one exemption to Appellee and one to Appellant. It ordered Appellant to execute the appropriate form releasing a claim of exemption for future tax years for the minor son. It also reduced Appellee's obligation for child support from $535.00 to $530.00. Appellant appeals both of these orders. We affirm.

■ Appellant initially argues on appeal that the trial court did not have the authority to order her to execute the IRS form # 8332 releasing her claim to the dependency exemption. She contends such a release should be voluntary. Although this question has not previously been addressed by Oklahoma Courts, a recent article by C. Michael Zacharias, *IRS Form 8332 Can Oklahoma Judges Order Exemption Claim Released?* 61 O.B.J. 2179 (1990), points out that of the thirty-two jurisdictions addressing this issue, a majority have held that the trial court has that inherent discretionary power.[2]

We agree and hold the trial court has the power to allocate the exemptions and the power to order the custodial parent to execute the exemption waiver to be attached to the non-custodial parent's tax return.

Other materials [3] cited in the *Zacharias* article further emphasize that the Internal Revenue Code does not expressly prohibit state court allocation of the exemption, nor does allocation conflict with the objective of the federal statute which Congress enacted to relieve the IRS of the task of reviewing returns and determining which parent should receive the exemption. Dependency disputes between parents will be resolved without the IRS involvement. *In Re Marriage of Einhorn*, 178 Ill.App.3d 212, 127 Ill.Dec. 411, 533 N.E.2d 29 (1988).

We are further persuaded by the rationale espoused in *Motes v. Motes*, 786 P.2d 232 (Utah App.1989). That court also concluded state courts retain their traditional authority to allocate dependency exemptions notwithstanding the 1984 amendment. Its conclusion was based on an analysis of Congress's intent in enacting the 1984 amendment; the lack of a provision explicitly divesting state courts of their consistently recognized preamendment authority

---

1. Appellant has remarried and both children live with her. She testified she and her husband spend about $450.00 per month for the children's support. This is still less than the $530.00 support provided by Appellee. Thus, under the old Internal Revenue Regulations, Appellee would be entitled to the exemptions as providing over half of their support.

2. See *Nichols v. Tedder*, 547 So.2d 766, 77 ALR 4th 757 (Miss.1989); Annot. 77 ALR 4th 786 (1990); *Cross v. Cross*, 363 S.E.2d 449 (W.Va. 1987).

3. "A New Look at Tax Exemptions and Child Support" by A. Craig Abrahamson, "UPDATE" 21 (June 1990); *In Re Baker*, 16 FLR 1184 (Ind.App.1990).

to allocate exemptions; the significant majority of other jurisdictions holding that state courts retain such authority; and the impracticality and irrationality of a contrary ruling.

It stated:

Following the amendment, all the IRS need concern itself with when facing a noncustodial parent claiming an exemption is whether the custodial parent has executed the requisite declaration. The administrative ease of such a procedure is obvious, but it should be of no concern to the IRS if the declaration was executed entirely voluntarily, in accordance with a stipulated settlement, or pursuant to court order. The IRS is merely interested in the orderly administration of revenue collections, which is enhanced by doing away with the "majority of support" test. That test necessitated extensive audits by the IRS, while compliance with the signed declaration requirement can be ascertained most expediently. We are not cited to, nor have we located, any authority indicating that Congress intended the 1984 amendment to divest state courts of their traditional authority and bestow a collateral economic benefit on custodial parents. Nor can we identify any legitimate policy reason for Congress to assert an interest in the division of what is tantamount to marital property, a task traditionally reserved under our federal system for each state's domestic relations courts.

In sum, the amendment was merely intended to enhance the administrative convenience of the IRS, not to interfere with state court prerogatives. (Citations omitted)

The financial impact of the allocation of the exemption has been and remains an important consideration for a trial court in a divorce action. Entitlement to the dependency exemption is also a critical concern in ascertaining the resources of the parties and in making a determination as to the amount of child support. *Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13 (1987).

■ The Oklahoma Child Support Guidelines do not take into account the dependency exemption. In order to balance the equities, a trial court may deviate from the Guidelines. 43 O.S. 1990 Supp. § 118. Appellee wanted the divorce modified to allow him a dependency exemption for *both* children. Appellant asked the trial court to increase her child support award from $535.00 per month to $550.00 per month. The trial court stated at the hearing Appellee would be entitled to both exemptions were it not for the resources for support of the children provided by Appellant's new husband. The trial court then correctly balanced the equities by allowing each party an exemption and reducing Appellee's child support obligation accordingly.

AFFIRMED.

HUNTER, C.J., and JONES, J., concur.