**Susan Gail LAMB, Appellee,**

v.

**Ronald Ray LAMB, Appellant.**

**No. 77863.**

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 22, 1992.

Certiorari Denied March 5, 1993.

J. Stewart Arthurs, and, John E. Forsyth, Cushing, for appellant.

Jessie V. Pilgrim, Tulsa, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

The cause here appealed is taken from an Order dismissing a Citation of Contempt. The Divorce Decree entered December 19, 1990, provided that the Defendant, Ronald Lamb, was entitled to claim the minor children as dependents for income tax purposes. The Application for Contempt was based upon the failure and refusal of the Plaintiff to sign and deliver to the Defendant a certain Internal Revenue Form 8332, entitled Release of Claim to Exemption for Child of Divorced or Separated Parent. The completion of this Form is required under the 1984 amendments to 26 U.S.C. § 152(e) for the non-custodial parent to claim the children as dependents.

The plaintiff answered by moving to dismiss the contempt citation on three grounds, only one of which the trial court ruled upon. Those three grounds were: (1) the decree did not order the Plaintiff to sign and deliver the specific IRS Form

8332; (2) State Court does not have the power to enforce such an order by citation for contempt; and, (3) a State Court has no power to order a party to sign and deliver such a form to the other party to that action.

■ The Trial Court eventually held the Citation for Contempt should be dismissed inasmuch as it had no jurisdiction to designate or allocate the exemption to the noncustodial parent or to require the custodial parent to execute the waiver form, and accordingly dismissed the Contempt Citation. The Trial Court erred as a matter of law because State Court does have the power to allocate the exemption in Oklahoma. In the case of *Light v. Light*, 828 P.2d 447 (Okla.Ct.App.1992), the Court of Appeals held an Oklahoma District Court does have jurisdiction to award a federal dependent tax exemption to the non-custodial parent, including the power to make an order compelling the custodial parent to execute the declaration for the non-custodial parent to claim the exemption under 26 U.S.C. § 152(e)(2). This case followed *Wilson v. Wilson*, 831 P.2d 1 (Okla.Ct.App.1991), which explained the rational of the holding in depth. The explanation found in *Wilson*, supra, is compelling and the holding of that case is followed here.

■ The next question presented by this appeal is the availability of a citation for contempt to enforce the allocation made in the divorce decree. Appellant refers to *McCrary v. McCrary*, 723 P.2d 268 (Okla.1986), to demonstrate that the trial court has the statutory power to enforce a property division using contempt when it is shown that the offending party has willfully disobeyed an order of the court. Willful disobedience is demonstrated when it is established that the contemptor had the ability to comply and failed to do so. At the same time this showing removes that state of facts from the constitutional prohibition against imprisonment for debt. The Appellee argues otherwise by citing *Potter v. Wilson*, 609 P.2d 1278 (Okla.1980), and *Norris v. Norris*, 695 P.2d 506 (Okla.1984), stating contempt is available only to en-force payment of alimony, child support or an order relating to a division of property. Actually, *Norris* states that divorce decree provisions in the nature of property division may not be enforced by contempt proceedings, but 43 O.S. 1991 § 111 provides otherwise by legislative enactment. *Potter v. Wilson*, supra, at p. 1281, states broadly that "payment of a civilly adjudicated claim for money, whether 'debt' *stricto sensu* or not, cannot be coerced either by commitment for contempt or by execution against the body unless the court-imposed liability sought to be satisfied falls within a class of statutorily authorized exceptions ...". *McCrary*, supra, recognizes the statutory revision of this rule.

■ Here, the decree ordered Appellant was entitled to claim dependency deductions on his children. The contempt citation was requested because the Appellee failed to complete the acts necessary to allow the decree's order to be effective. The Court had the power to allocate the deduction. The Appellee refused to do the act necessary for the accomplishment of the directive of the decree. Appellee's contention that contempt is not appropriate is incorrect. Civil contempt, generally is a willful violation of an order to do something ordered by the Court for the benefit of the opposing party, *Whillock v. Whillock*, 550 P.2d 558 (Okla.1976), or in the language of 21 O.S. 1991 § 565 "... resistance wilfully offered by any person to the execution of a lawful order or process of a court". Here the court ordered "that the defendant be allowed to claim the minor children as dependents for income tax purposes". The *only* way the Defendant *could be allowed* such a deduction would be for the Plaintiff to execute *the only form allowed by law* to effectuate the court's order. While perhaps the better practice would be for the judgment to specify the IRS form number or such other form as may take its place, the language in this decree is specific enough that failure to execute the form comes within the rubric of resistance by a person to the lawful order or process of the Court for failure to comply to be a contempt.

In this cause the trial court held the Citation for Contempt should be dismissed and therefore never considered, or made a determination, on the two findings necessary to hold one guilty of contempt: Was the order clear enough to give the party charged reasonable notice of the order's intent, and was the disobedience willful. *McCrary v. McCrary*, supra.

Accordingly, the trial court's dismissal of the Contempt Citation is reversed and the cause is remanded for further proceedings, to determine if the conduct of the Appellee in fact warrants citation for contempt.

REVERSED AND REMANDED.

ADAMS, P.J., and GARRETT, J., concur.