**John C. COLLINS, Jr., Appellee,**

v.

**Gayle A. COLLINS, Appellant.**

No. 82525.

Court of Appeals of Oklahoma,
Division No. 1.

April 4, 1995.

N. Scott Johnson and C. Michael Zacharias, Corbitt, LaSorsa, Rineer & Zacharias, Tulsa, for appellant.

Bill R. Scarth, Bassmann, Scarth & Rahmeier, Claremore, for appellee.

## *MEMORANDUM OPINION*

JOPLIN, Judge:

Appellant Gayle A. Collins (Wife) seeks review of an order of the trial court denying her motion for new trial after the trial court dismissed her amended application for contempt citation against Appellee John C. Collins, Jr. (Husband). In this appeal, Wife asserts the trial court had the authority to entertain her application for contempt citation to enforce provisions of the parties' divorce decree awarding specific real property to Wife. We agree with Wife, reverse the

order of the trial court and remand this matter for further proceedings.

The parties divorced in 1991. In the divorce decree, the trial court found certain real property located in California constituted marital property subject to division, and awarded the property to Wife. Husband appealed that finding, and this Court affirmed.[1] Nevertheless, Husband refused to relinquish possession or control of the California property to Wife, interfered with Wife's use thereof, and refused to execute a deed to Wife.

Wife filed an amended application for contempt citation alleging that the trial court had awarded her the California property "as her separate property ... without interference from" Husband, but that Husband had denied her the use thereof and deprived her of any and all rental income.[2] Wife therefore prayed the court to cite Husband for contempt, and to award her damages for loss of rental income, loss of appliances, and Husband's failure to maintain the property. Husband filed a motion to dismiss which the trial court granted. The trial court denied Wife's subsequent motion for new trial, and this appeal ensued.

■ First, both parties request this Court take judicial notice of the parties' divorce action. While the record on the prior appeal of the divorce action does not constitute part of the record in the present appeal, this Court may take judicial notice of its own records and prior opinions in litigation interconnected with the appeal before it. *See, Matter of C.A.D.*, 839 P.2d 165 (Okla.1992); *Reeves v. Agee*, 769 P.2d 745 (Okla.1989). Accordingly, we take judicial notice of the divorce action.

■ Preliminary to addressing the merits of this appeal, and contrary to Husband's suggestion in the present case (rejected below and in the prior appeal), we again here

1. Case No. 77,601, Oklahoma Court of Appeals Division 2. September 29, 1992, opinion by Bacon, C.J. Application for certiorari denied March 24, 1993; mandate issued April 1, 1993.

2. Wife filed an action in California to obtain possession and control of the California property which action, the record suggests, has been stayed and remains pending.

recognize the Oklahoma courts' jurisdiction to determine the status of the parties' California real property. When an Oklahoma court acquires in personam jurisdiction of the parties to a divorce action, that court has the authority to determine the parties' equities in foreign property. *Carpenter v. Carpenter*, 645 P.2d 476, 481 (Okla.1982). The ensuing judgment is then "conclusive on the merits of the claim or subject-matter of the suit," although the judgment itself does not have the effect of a judgment upon the foreign property. *Fall v. Eastin*, 215 U.S. 1, 12, 30 S.Ct. 3, 8, 54 L.Ed. 65 (1909) (citation omitted). Husband's challenge to the court's authority was rejected by the trial court and again in the prior appeal, and insofar as Husband here continues to assert rights in and to the California real property in derogation of the trial court's final order awarding the property to Wife, we hold the prior final order awarding Wife the California property conclusive of the issue. *See, e.g., Erwin v. Frazier*, 786 P.2d 61, 64 (Okla.1989) (doctrines of *res judicata,* now known as "claim preclusion," and collateral estoppel, now referred to as "issue preclusion," respectively forebear relitigation of [1] those issues which were or could have been raised in a prior action and there finally determined, or [2] those issues necessary to the trial court's judgment finally determined in prior action); *accord, Veiser v. Armstrong,* 688 P.2d 796 (Okla.1984); *Underside v. Lathrop,* 645 P.2d 514 (Okla.1982).

■ The issue presented by this appeal, then, is whether Wife may enforce by contempt the prior final order of the trial court awarding her the California real property "as her sole and separate property, free and clear of any right, title and interest of [Husband]." In this vein, Oklahoma law charges the trial courts with a statutory duty to identify and divide marital property, and any order in a divorce decree pertaining to the division of marital property may be enforced by contempt proceedings. 43 O.S.Supp.1992 §§ 111, 121.

■ Contempt is defined, in part, as "... resistance wilfully offered by any per-

son to the execution of a lawful order or process of a court." 21 O.S.1991 § 565. "The two relevant facts necessary to establish contempt under the statute are: Was the order clear enough to give the party charged reasonable notice of the order's intent, and secondly, was the disobedience thereof willful in that the charged party could have, but refused, to comply." *McCrary v. McCrary*, 723 P.2d 268, 271 (Okla.1986). The party charged with contempt is entitled, upon demand, to a jury trial. 21 O.S. § 567.

■ In the present case, the trial court awarded the California property to Wife "as her sole and separate property, free and clear of any right, title and interest of [Husband]." The Court of Appeals affirmed the trial court's award rejecting Husband's challenge thereto, and that order has become final, conclusively determining the parties' rights in the property. However, in denying Wife's motion for new trial after dismissing her application for contempt citation,· the lower court evidently determined the order awarding Wife all interest in the California property not enforceable by contempt. In so holding, we find the trial court erred.

■ As we have previously noted, Oklahoma law clearly allows enforcement of property division provisions of a divorce decree by contempt, and we hold the property division provisions of the parties' divorce decree so enforceable. 43 O.S. § 111. Thus, in the present case and responsive to Wife's application for contempt citation, two fact questions must be answered, i.e., (1) whether the final order dividing property was clear enough to charge Husband with the notice of the intent thereof vis-a-vis the interest granted to Wife in the California property, and (2) whether Husband willfully violated this order, i.e., that Husband could have, but refused, to comply with the intent reasonably expressed in the order. *McCrary*, 723 P.2d at 271.

■ However, in denying Wife's motion for new trial after dismissing her application for contempt citation, the trial court made no

findings on these critical issues. The order of the trial court denying Wife's motion for new trial after dismissal of her application for contempt citation should therefore be reversed and the cause remanded for further proceedings to determine: (1) whether the order awarding the California property to Wife as her sole and separate property free from any claim of right or interest by Husband was clear enough to give Husband reasonable notice of the order's intent that the California property belonged exclusively and solely to Wife; (2) whether Husband's refusal to relinquish possession or control of the property to Wife, and/or Husband's interference with Wife's use of the property, falls within the rubric of resistance to a lawful order or process of the court, i.e., the parties' divorce decree; and (3) whether this resistance—or disobedience—if any, was willful, i.e., whether Husband had the ability to comply with the order by relinquishing possession of the property to Wife, by relinquishing control of the property to Wife, and/or by refraining from interference with Wife's use thereof, but failed to do so. *See also, Lamb v. Lamb,* 848 P.2d 582 (Okla.App.1992).

■ Finally, Wife's application for contempt citation prays for damages in the nature of lost rent, missing personal property, and deterioration of the property. However, although other jurisdictions recognize that contempt proceedings may be employed to both coerce compliance with the court's order and to compensate the complainant for losses sustained,[3] 21 O.S. § 566 limits punishment for indirect contempt to a fine of up to $500.00 and/or imprisonment not to exceed six months. We therefore find Wife's request for monetary damages arising from Husband's allegedly contemptuous refusal to comply with the parties' divorce decree must be addressed in a separate action.

The trial court's order dismissing Wife's application for contempt citation is therefore REVERSED and the cause REMANDED for further proceedings consistent with this opinion.

CARL B. JONES, J., concurs.

HANSEN, P.J., dissents.

---

**3.** *See, e.g., United States v. United Mine Workers of America,* 330 U.S. 258, 303–304, 67 S.Ct. 677, 701–702, 91 L.Ed. 884 (1947).